J. R. HALLEY, Appellee, v. JOHN GREGG, Appellant.

1.   **Libel**: DEFENSE : PLEADING.   Where in an action for damages because of an alleged libel published concerning the plaintiff, the defendant answered denying the publication alleged in the petition, and averred that he did publish other matters and words concerning the plaintiff, which being true, the plaintiff ought not to recover, *held*, that such averments were properly stricken out on motion.

2.   ——: DAMAGES: EVIDENCE.  In an action for slander and libel
the plaintiff may show the different employments in which he was
engaged at the time of the publication.

3.   —— : EVIDENCE: CROSS-EXAMINATION.  Questions on cross-exami-
ination which do not follow the subject of the examination in chief
are inadmissible.

4.   —— : ——.  Evidence that an affidavit containing the libel
complained of was sent to a witness with the request that the
plaintiff be removed from the position in which he was employed,
*held*, to be material in proof of the fact of the publication, and of
the hostile purpose of the defendant.

5.   —— : ——.  Facts in relation to the character of the plaintiff
in such an action, which have not been pleaded in justification of
the libel, cannot be shown in evidence.

*Appeal from Jackson District Court.*—HON.  C.  M.
WATERMAN, Judge.

MONDAY, MAY 25, 1891.

ACTION to recover for a libel of the plaintiff, written
and published by defendant, and for other scandalous
words spoken by the defendant of and concerning the
plaintiff.  There was a judgment upon a verdict for the
plaintiff.  The defendant appeals.—*Affirmed.*

*Hayes & Schuyler* and *B. F. Thomas*, for appellant.

No appearance for appellee.

BECK, C. J.—I.  The petition is in two counts, the
first declaring upon a written statement sworn to by the
1. LIBEL:        defendant, charging that the plaintiff did
defense:
pleading.        state that he had, for the consideration of
money paid by them, permitted two prostitutes to
occupy, for their evil purposes, the station-house of a
railroad, of which the plaintiff had charge as the sta-
tion agent.  The second count is for words spoken
substantially to the same effect.  The defendant,
answering, denies the allegations of the petition, and
especially denies the making and execution of the
written paper set up in the petition.  By an amendment
to the answer, the defendant alleges that he heard the

plaintiff declare to a person other than the one named in the petition, in effect, that the prostitutes were, with the plaintiff's permission, upon the premises of the railroad company. A demurrer to the amendment was overruled, and the defendant thereupon filed an amendment to the prior amendment, in which acts and associations of the plaintiff and another man with the prostitutes are alleged, and his declaration of a purpose to use a church of which he was janitor for purposes of prostitution with said women. In the second count of his amendment the defendant alleges that he had signed a statement in regard to what he had heard, and set out in the amendment to his answer, just referred to, and that he made and signed no other writing touching the matter. A demurrer to this amendment to the amended answer was filed, which was, upon leave, withdrawn, and a motion to strike out the pleading was filed, which seems not to have been ruled upon, but another motion to strike the pleading wholly and in part was made. The motion, so far as it asks the first count to be stricken wholly, was overruled, but sustained as to what the defendant had heard the plaintiff say to the persons referred to in the amendment, and his acts following such statements. All the second count of the amendment was stricken, the motion being sustained in that regard.

II. We think the court did not err in striking the parts of the pleading upon this motion. The amendment to the answer clearly showed an attempt to plead new matter,—other words, spoken and written,—constituting wholly new transactions, as a defense to the action. He does not plead these matters in justification or in mitigation, but denies the speaking of the words, and the making of the writing, and declares as a defense to the action that he did speak other words and publish other writings of and concerning the plaintiff, which are true, and, therefore, the plaintiff ought not to recover. We need not waste time in pointing out the great error of this kind of pleading. It would lead to the trial of issues not in the case, which could be

indefinitely multiplied by defendant. He could bring before the court in his pleadings all he ever said or wrote to the plaintiff's discredit, and demand that issues be found thereon and tried by the court. The district court, we think, rightly sustained the motion to strike the amendment to the amendment, and rightly ruled in excluding evidence offered as to matter of the character pleaded in the amendment stricken. This conclusion disposes of numerous errors assigned.

We may remark here that we have rarely seen so great success attained in multiplying assignments of error as in this case. They number one hundred and sixty-two,—a very wilderness of objections. We are glad that the counsel set the good example of considering but seven points in the case, thus practically leaving one hundred and fifty-three of the errors assigned without specific notice. It may be said, however, that counsel classify about one hundred of the errors, and assail them in six charges.

III.  The plaintiff was permitted, against defendant's objection, to testify as to his various employments

2. ——: damages: evidence.

at the time of the slander, as postmaster, station agent, and janitor of a church, and that he had taught school. We think the slanderous words would affect him prejudicially in these various employments, and on that ground the evidence was rightly admitted.

IV.  Questions were asked the plaintiff, upon his cross-examination, as to his knowledge of the two

3. ——: evidence: cross-examination.

prostitutes. Objection was rightly sustained thereto, for the reason that they did not follow the subject of the evidence in chief of the witness.

V.  A witness who had been in the office of the railroad company, which the plaintiff was serving as a

4. ——: ——.

station agent, testified that he had received an application accompanying the affidavit which is the libel complained of, asking the plaintiff's removal from the place of station agent. Objection to

the deposition and to the several interrogatories were made on the ground that the evidence was immaterial, and did not show a publication of the libel. We think the ground of the objection is not sound. Surely the use of the affidavit to effect the plaintiff's removal was a publication, and was directly material, showing the hostile purpose of its use.

VI. Evidence by the defendant of the character of the plaintiff, to support the amendment to his answer which was stricken, was rightly excluded. The defendant could not, in his evidence, state matters which were not pleaded as a justification or in mitigation, and these matters were not so pleaded.

Numerous rulings upon the admissibility of evidence, presenting questions as to the evidence of the reputation of the two prostitutes, upon the evidence of handwriting by an expert, impeaching evidence, etc., are complained of. We think they were correct. They involve elementary rules of evidence, and there can be no doubt of the correctness of their application. They do not demand further attention. AFFIRMED.