(20 Misc. Rep. 123.)

BUTEZ v. FONDA, J. & G. R. CO.

(Supreme Court, Trial Term, Fulton County. April, 1897.)

NEW TRIAL—EXCITING SYMPATHY OF JURY.
    A new trial will be granted in an action for personal injuries to a young
    child, where the exhibiting of the injured part to the jury was attended by
    a terrified crying on the part of the child, since such a scene was calculated
    to excite unduly the sympathy of the jury.

Action by Nicholas A. Butez, an infant, by his guardian ad litem,
against the Fonda, Johnstown & Gloversville Railroad Company, for
personal injuries. There was a verdict in favor of plaintiff for $2,000,
and defendant moves for a new trial. Granted.

J. N. Gardner and J. Keck, for plaintiff.
Baker & Burton, for defendant.

RUSSELL, J. This motion for a new trial will be disposed of by
the consideration of one of the grounds upon which a new trial is
asked. The plaintiff is a child, four years of age, who sustained, a
year and five months before the trial, an injury to his leg, with
some other bruises, by being hit by a motor car propelled by elec-
tricity on the defendant's railroad on one of the public streets of
the city of Johnstown. He recovered a verdict for $2,000 as com-
pensation for the injuries alleged to have been sustained by the de-
fendant's negligence. On the trial, during the examination of Dr.
Walrad, produced as a witness by the plaintiff, an exhibition of
the child's leg was offered by plaintiff's counsel to be made to the
jury. This was objected to by the defendant's counsel, and during
.the discussion which ensued remarks were made by counsel for
the defendant and the court as to the risk attending such an ex-
hibition, and its likelihood of being accompanied by scenes which
might affect a jury of humane, even though sensible, men. In the
view of the court at that time, and now, such an offer could not
be refused by the court in the absence of any exact prophetic knowl-
edge of the action of the child itself. It was deemed then, and is
now, competent to exhibit an injured member to a jury which is
to pass upon the gravity as well as the method of the infliction of
the injury, even though there has been a lapse of time which has
changed to some extent the condition of the injured member, it
being assumed that such change would be taken into consideration
by a jury in determining the probable cause or permanence of the
effect of the injury itself. If such an accident comes to a person of
mature years, the exhibition of the injured member is likely to be
made with a power of self-control on the part of the person affected
which will render it as little likely to inflame the passions or in-
fluence the sentiment as the production of any other physical evi-
dence. There are also children who, from phlegmatic temper or nat-
ural fearlessness, will stand such an ordeal with composure. But in
the present instance the child, seated in its father's lap, in the wit-
ness chair, began, upon the removal of a part of its clothes, and the
exposure of the limb, a terrified crying, which added seriously to the

affecting nature of the exhibition. He was removed by order of the court, once repeated. The judge presiding at the time thought that his first direction was unheard by the father, who was attempting to pacify the child. I am satisfied that the scene, as it actually took place, was calculated to produce emotions on the part of the jury, possibly swaying their judgment to tenderness for the child, and likely to affect their judgment on doubtful questions in his favor. Of all this the plaintiff took the risk in persisting in the request to have the leg exhibited, and, if the result produced an occasion interfering with the proper incidents of the trial, the responsibility must, to some extent, rest upon the plaintiff, so far, at least, as to compel him to stand the burden of another trial which may be free from all disturbing elements. A motion for a new trial which is addressed to the discretion of the court, and does not rest upon legal exceptions, is governed by no settled principles of law, except the general one that substantial justice is to be reached. Platt v. Munroe, 34 Barb. 291 (Gen. Term, 5th Dept.; Allen, J.); Chamberlain v. Lindsay, 1 Hun, 231, 236 (Gen. Term, 1st Dept.; Daniels, J.); Barrett v. Railroad Co., 45 N. Y. 628, 632. Where the direct tendency of the exhibition of an injured foot was to arouse the prejudices and inflame the passions of the jury against the defendant, such exhibition requires a new trial upon a verdict against the defendant. Rost v. Railroad Co., 10 App. Div. 477, 41 N. Y. Supp. 1069. See, also, Corley v. Railroad Co., 12 App. Div. 409, 42 N. Y. Supp. 941. The motion for a new trial is granted, with costs to either party to abide the event.

Motion granted, with costs to abide event.