FRED FELSCH ET AL. V. ALICE BABB ET AL.

FILED DECEMBER 7, 1904. No. 13,460.

1. **Jury: IMPANELING: DISCRETION OF TRIAL COURT.** A trial court has a large discretion in sustaining challenges for cause of persons drawn as talesmen to serve as jurors, and its exclusion of such a person cannot be successfully assigned for error when it is not shown by the party objecting that by reason thereof an incompetent juror has been included in the panel, and it does not appear that the court has committed an abuse of discretion.

2. **Review.** The mere fact that a bailiff who summoned a talesman who served as a juror was afterwards called and testified as a witness for the successful party is not assignable for error.

3. **Verdict.** Under the circumstances of this case the damages awarded by the verdict are not so exorbitant as to be evidence that they were assessed under the influence of passion or prejudice.

4. **Action for Personal Injuries: TRIAL.** Although a plaintiff in an action to recover damages for personal injuries may be permitted

to show his wounds and contusions to the jury, it may be reversible error to permit a dramatic exhibition by him in the presence of the jury as a demonstration of the extent of his physical disabilities.

5. **Joint Petition in Error.** When two or more persons join in a petition in error in this court, no error can be availed of that is not prejudicial to both or all of them.

ERROR to the district court for Stanton county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Barnhart & Free*, for plaintiffs in error.

*W. W. Young, William V. Allen* and *Willis E. Reed, contra.*

AMES, C.

This is an action by a married woman, in her own behalf and as next friend of her two minor children, to recover damages from the defendants, a saloon keeper, and the surety on his bond, for having incapacitated the husband and father by causing his intoxication, and for personal injuries resulting therefrom. There is sufficient evidence in the record to justify the jury in having found the following facts embraced within the issues made by the pleading, and they will therefore be stated as though not in dispute. There was a verdict for the plaintiffs for $2,000, from a judgment on which the defendants prosecute error.

The husband was a man about 51 years of age, who was afflicted with congenital curvature of the spine, but was otherwise in good health, or, at least, sufficiently so to earn, and he did earn until the happening of the event complained of, sufficient money to support his family in the degree of comfort usual or customary in his station in life, which was that of a common laborer. He was not accustomed to steady employment, but earned his livelihood by doing odd and miscellaneous jobs such as are ob-

50

tainable by a man of all work owning a team and wagon in a thriving village of several hundred inhabitants. He had lived in the village a good many years, and his earnings varied from $600 to $900 a year. The exact amount is not ascertainable, but sufficient, as already said, to support his family comfortably, and to clothe his children decently and enable them to attend the public schools. He was, however, as was well known in the community and to the defendant Felsch, addicted to the excessive use of intoxicating liquors, which, possibly in some degree on account of nervous instability connected with his malady above mentioned, affected him injuriously. On the morning of the 15th day of November, 1901, Babb visited the saloon of the defendant Felsch, and became extremely intoxicated by liquors which he procured and drank therein. Immediately upon leaving the saloon he attempted to ascend a stairway of an adjoining building, and, because of his intoxication, fell some distance to the foot of the stairs, where he was shortly afterwards found insensible and removed to his home. There was a contusion on the left side of the head, but the patient shortly afterwards recovered consciousness and the control of his physical and mental faculties. Two or three days afterwards paralysis of the right side supervened to the extent of practical helplessness, and continued thence to the time of the trial, and is seemingly permanent. There is a conflict in the evidence, or rather it is conjectural from the evidence, whether the paralysis arose from the wound on the head, or the shock of the fall, or from the disease or malformation of the spinal column, or from the effects of wounds received many years previously, or from a condition of the system induced by a long habit of drunkenness, or from the united influence of all or some of these conditions. We do not deem ourselves more capable of making an intelligent guess in the premises than were the jury, and shall not attempt to revise their finding.

The first assignment of error is that the court excused a juror drawn as a talesman upon the objection that the

sheriff had "failed to carry out the instruction of the court in summoning from the body of the county and outside of Stanton and the precinct where this transaction took place." Under the circumstances of local excitement concerning the litigation, we do not think the court erred, especially inasmuch as it is not contended that an equally competent and impartial juror was not substituted in his place. A trial court has and ought to have a wide discretion in sustaining challenges for cause, especially in cases of persons called as talesmen, whose incompetency may be apparent in many ways difficult to reflect from the record of an examination upon a *voir dire*.

It is secondly assigned for error that a talesman who was called, and who served, in substitution for the one above mentioned, was summoned by a bailiff who was afterwards sworn as a witness for the plaintiff; but as no complaint is made with reference to the competency of this juror, and as it does not appear that the bailiff acted corruptly or was interested in the suit, the fact does not appear to be material.

It is next complained that the damages are excessive, appearing to have been given under the influence of passion or prejudice, the ground of the complaint being, in substance, that Babb was before the happening of the injury a physical and moral wreck from some or all of the causes, other than the fall, above detailed, and that his ability and usefulness as a wage earner had ceased to be of any appreciable value or, at all events, were of very much less value than the sum awarded. But this is not the whole of the story. However small may have been his earning capacity before the injury, he was not before that time, as he has been since and apparently will continue to be, a confirmed invalid and a burden upon his wife and children for his own subsistence and for nursing and medical attendance. These and like circumstances would have been properly taken into account by the jury, and doubtless were so, in determining the amount of the recovery. That their consequences were and are largely conjectural goes

without saying, but greater certainty is not attainable in such cases, and the inferences to be drawn from them are peculiarly within the province of the jury, and we do not feel warranted in saying that $2,000 is so obviously an exorbitant award as to warrant the presumption that they were influenced by improper motives.

There is one other circumstance of the trial, disclosed by the record and complained of by the plaintiffs in error, which tends to support the complaint of the plaintiffs in error in this regard, and which, if we regarded the damages allowed as in any considerable degree too liberal in amount, would in our opinion require a reversal. Babb was produced and sworn as a witness for the plaintiffs at the trial, and in the course of his examination in chief the following comedy was enacted. We quote from the brief of the plaintiff in error, the correctness of which, in this particular, is not disputed:

Q. Now, Mr. Babb, I wish you would get down here, if you can walk, and show how you walk, and if not, you—

The counsel for the plaintiffs at this time ask the witness to present his right arm and leg, and in fact his whole person to the jury for examination, and exhibit to them his capability to walk and handle articles with his hands. To this request the defendants object for the reason that it is not in the form of a question, being an exhibition to the jury, and is not sufficiently defined as to give counsel for the defense an opportunity to know what to expect as a result. Objection overruled: To which ruling the defendants except. The witness here came down off the witness stand without assistance, and with the assistance of his wife took off his coat and rolled up his sleeve.

Q. Raise up that arm, if you can, Mr. Babb. (Witness raises his arm up partially.)

Q. Take hold of that chair. (Witness endeavors to raise chair, and moves it a little.)

Q. Is that the best you can do with it?

A. Yes, sir. (Witness turns up his sleeve on left arm.)

Q. You may state if there is any feeling in this left arm.

A. Not to amount to anything.  I can feel the touch, but cannot feel a pin if stuck in.

Q. Can you lift with that arm?

A. Yes, sir.

To this procedure the defendants interposed an objection on the ground of improper examination of the witness, which was overruled.

It is a too well settled rule in this court to call for further discussion that the plaintiff in an action for damages for personal injuries may be permitted to exhibit to the jury, if he can do so, the contusions and wounds of which they consist.  Such is also, we think, the practice in most courts in this country.  *Louisville, N. A. & C. R. Co. v. Wood,* 113 Ind. 544; *Citizens' Street R. Co. v. Willocby.* 134 Ind. 563; *Schroeder v. Chicago, R. I. & P. R. Co.,* 47 Ia. 375. But in *Hatfield v. St. Paul & D. R. Co.,* 33 Minn. 130, it was held that it was not error by the trial court to refuse to permit the plaintiff in such an action to walk across the court room floor in the presence of the jury for the purpose of demonstrating the degree of her lameness. Manifestly there is no means of ascertaining in the case of such an exhibition whether the apparent disability is real or simulated or to what extent it is either, or, in other words, as respects the movements made by the witness, there is no opportunity for cross-examination, and the practice, by well trained witnesses with some histrionic talent, might be the cause of gross impositions upon both the court and the jury.  Neither can it ever be necessary to the due administration of justice; and, the nature and extent of the injuries having been proved, it can have no object but to stir the emotions of the jury preparatory to an appeal to their passions and prejudices.  But in this case, as we have said, the verdict is not such as to indicate to us that the passions of the jury were so influenced, and we are of opinion, therefore, that the error was without prejudice.

The liquor license bond was executed by the plaintiff in error, the United States Fidelity and Guaranty Com-

pany, as sole surety; and it is contended that the bond and license are both void, because the statute requires that the bond of a licensee shall be signed by two free-holders of the county. This defense, if in any case it would be good as to the company, as to which we express no opinion, is not available to the saloon keeper, because section 11 of the liquor act enacts that unlicensed dealers shall be liable to the public and individuals in the manner and to the like extent as though they had "given bonds and obtained license." As to him, therefore, the question is immaterial. The petition in error is joint, and under a long established rule of this court, the judgment will not be reversed for any error not affecting both parties.

There are numerous other errors assigned having reference to the giving and refusal of instructions and to the conformity of the verdict thereto, and to rulings upon the admission and rejection of evidence, but we think that they are sufficiently treated of, in a general way, in the foregoing discussion, and that nothing of importance would be gained by setting them forth here in detail. Upon a consideration of the whole record, we are of opinion that it discloses no reversible error, and recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.