LOUISA HAHN v. HENRY LUMPA, Appellant.

**Dismissal of issues:** INSTRUCTIONS. Where one count of a petition
1　is dismissed during the trial the court may properly ignore the
same in its instruction to the jury.

**Slander and libel:** WORDS ACTIONABLE PER SE: INNUENDO. Words which
2　are slanderous in themselves do not require the allegation of an
*innuendo* to explain their meaning; and even if not necessarily
slanderous *per se*, still if used in a connection clearly rendering
them such no *innuendo* need be alleged. Besides, the objection that
no *innuendo* was pleaded cannot be first raised on appeal.

**Same:** MITIGATION: INSTRUCTIONS. Matters relied upon in mitiga-
3　tion of an alleged slanderous charge must be distinctly pleaded in
a separate division of the answer; and in the absence of such a
plea the instruction that if the words were spoken in the de-
famatory sense charged anger would be no defense, nor serve to
mitigate the offense, was proper.

**Same.** DAMAGES: EVIDENCE. The defendants pecuniary condition
4　may be shown in an action for slander. In the instant case a
judgment for $500 was not excessive.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL,
Judge.

TUESDAY, NOVEMBER 19, 1912.

SUIT to recover damages for slander. Verdict and judg-
ment for plaintiff. The defendant appeals.—*Affirmed.*

*S. K. Stevenson* and *Ranck & Messer,* for appellant.

*Remley & Calkins,* for appellee.

SHERWIN, J.—The plaintiff is the wife of William Hahn
and the mother of William J. Hahn. Her petition alleges
that the defendant, in the presence and hearing of her hus-
band and son and other persons, said to her son: ''You are
not the son of William Hahn, meaning the husband of plaintiff.

You are the son of Matt Cochran. Your mother is a whore. She whored with Matt Cochran. You are a son of a bitch. Your mother is a whore. Pap, meaning plaintiff's husband, has no sons. His children are all girls. You are Matt Cochran's son.'' Defendant's answer was a general denial and a specific denial that he uttered the words charged, or any words relating to or concerning her. The answer alleges that at the time the words charged were alleged to have been uttered he had a conversation with William Hahn, plaintiff's husband, and William J. Hahn, her son, in which they applied abusive language to him, and that all the words he spoke on that occasion were uttered in answer to the allegations made against him by the said William and William J. Hahn. When the trial began, there was a second count in the petition, alleging the speaking of other slanderous words at another time and place, but the appellee's counsel say that this count was dismissed before the case was submitted to the jury. This statement is not denied, and we conclude that it must be correct, because the court's instructions relate only to the time and words charged in the first count. We shall therefore treat the case as having been submitted on the first count alone.

It is manifest that, if count 2 was dismissed and the issue presented by count 1 was alone submitted to the jury, there is no merit in the appellant's contention that the court ignored the fact that there were two counts, and grouped the two causes of action in his instructions. The issue presented by count 1 was clearly and fairly stated by the court, and that was all that was necessary.

1. DISMISSAL OF ISSUES: instructions.

The words alleged to have been spoken concerning the plaintiff were slanderous *per se,* and an *innuendo* was not required to explain the mening intended to be conveyed to the hearers. *Quinn v. Insurance Co.,* 116 Iowa, 522; *Kinyon v. Palmer,* 18 Iowa, 377. While the term ''son of a bitch'' is not necessarily slanderous *per se,* the connection in which it was

2. SLANDER AND LIBEL: words actionable per se: *inuendo.*

used in this case clearly made it so here, and no *innuendo* could have explained its meaning more fully. The count therefore alleged a slander, and not merely the use of malicious and wicked language, as contended by appellant. *Craver v. Norton,* 114 Iowa, 46.

Moreover, no question as to the sufficiency of the petition was raised in the district court, and hence it cannot now be raised in this court. *Weis v. Morris Bros.,* 102 Iowa, 327.

In various forms the appellant complains of the court's failure to instruct more specifically on the question of mitigation, which appellant alleges he pleaded. The statute (Code, section 3593) requires the pleading of all matters relied upon in mitigation of damages, and this in a separate and distinct division of the answer. There is no such plea in this case. The defendant denied in his answer and all the way through the trial the speaking of the words charged. He nowhere alleged that he spoke in the heat of passion, or that he did not intend the fullest meaning that could be given the words spoken. The conversation that took place between the parties at the time in question was fully before the jury, but, as we have said, there was no plea in mitigation, and hence no occasion for the court to present such an issue to the jury. *Halley v. Gregg,* 82 Iowa, 622; *Ronan v. Williams,* 41 Iowa, 680. There being no plea in mitigation, the court correctly instructed that, if the words were spoken in the defamatory sense charged, anger would be no excuse, nor serve to mitigate the offense. *Craver v. Norton, supra.*

3. Same: mitigation: instructions.

The criticism of instruction 7 is without merit. It was competent to show the defendant's pecuniary condition. *Herzman v. Oberfelder,* 54 Iowa, 83; *Karney v. Paisley,* 13 Iowa, 89.

4. Same: damages: evidence.

Complaint is made of two or three rulings on the introduction of testimony, but we find nothing of a prejudicial character therein, nor are the complaints of sufficient importance to require discussion. There is nothing in the

record from which the conclusion might be drawn that the verdict was the result of passion and prejudice, nor is the judgment for $500, in our opinion, excessive. Parties who accuse a chaste woman of being a whore and the mother of a bastard should expect to respond liberally in damages, if they are unable to prove the truth of the charge. The judgment is *Affirmed*.