JESSE STEWART, APPELLEE, v. HARRY WEINER, APPELLANT.

FILED MARCH 1, 1922. No. 21996.

1. Appeal: EXCESSIVE VERDICT: REVIEW. Where prejudicial evidence has been received, although stricken out on motion, and the record shows that it may have influenced the jury, such evidence should be considered in connection with all the other circumstances in determining whether an excessive verdict is the result of passion or prejudice.

2. ————: ————. In this case, it is *held* that the verdict is excessive, and, taken in connection with the evidence, appears to be the result of passion or prejudice, and a new trial is granted.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed.*

*Brogan, Ellick & Raymond,* for appellant.

*Weaver & Giller, contra.*

Heard before MORRISSEY, C. J., ALDRICH and ROSE, JJ., RAPER and STEWART, District Judges.

RAPER, District Judge.

This is an appeal by the defendant from the district court for Douglas county, in an action wherein plaintiff recovered a judgment for personal injuries sustained while escaping from a fire in the defendant's hotel.

Plaintiff's petition alleges that he was a guest in defendant's hotel in a room on the fourth floor, and that a fire started in a store-room of the hotel, caused by the careless use of cigarettes by employees of the defendant; that defendant negligently failed to discover the fire in time to prevent the building from burning and injuring

plaintiff; that defendant negligently failed to extinguish the fire before it caused damage to plaintiff; that defendant negligently failed to warn plaintiff in time for plaintiff to escape from the burning hotel without injury; that defendant negligently failed to have a sufficiently large gong on the fourth floor, so that the ringing of same would have aroused plaintiff; that defendant negligently failed to arouse plaintiff after the fire started in time to permit his escape from the burning hotel, although the defendant had sufficient time and opportunity to do so; and that defendant negligently failed to ring or cause to be rung a telephone in plaintiff's room.

The cause was submitted to the jury on two of the alleged acts of negligence:  (1) Whether the defendant carelessly and negligently failed to arouse plaintiff after the fire had started in time to permit plaintiff to escape from the hotel, and to prevent plaintiff's injury, although he had sufficient time and opportunity to do so; (2) that defendant negligently and carelessly failed to ring or cause to be rung a telephone in plaintiff's room.

The cause was tried before Honorable Lee S. Estelle, and the jury returned a verdict for $12,500.  After the rendition of the verdict Judge Estelle died, and the motion for a new trial was submitted to Judge Leslie, who ordered a remittitur of $5,000, which was filed, and thereupon the motion for new trial was overruled, and judgment entered for $7,500, from which this appeal was taken.

The appellant relies upon three assignments of error: (1)  That the evidence is not sufficient to sustain the verdict; (2) that the damages are excessive; and (3) misconduct of plaintiff's attorneys.  As to this third alleged error, the supplemental motion for new trial, which alleged this ground, was not filed within three days from rendition of verdict, and, hence, must be disregarded.

On the first question, a careful examination of the evidence leads us to the conclusion that there was sufficient

evidence to sustain a verdict for plaintiff.  The testimony offered by plaintiff is not entirely plain nor conclusive, but there is sufficient proof of facts from which the jury might infer that the defendant was negligent in not arousing plaintiff or ringing the telephone in his room after the fire was discovered.  It does not affirmatively appear that the defendant or his employees knew that plaintiff was in the room.  The room was on the fourth floor, had two beds, and was rented by seven railroad firemen, some going there to sleep in the daytime and some at night, as the exigencies of their duties demanded. Plaintiff went to this room about 10:20 or 10:30. a. m., went to bed, and at once fell asleep.  After sleeping 15 or 20 minutes he was awakened by the odor of smoke.  He opened the door leading into the hall, and found the hall filled with flames and smoke.  He climbed from the window in his room to a corner window, 6 or 8 feet distant, opened the door of that room into another hall, and found that hall filled with flames.  He then tied some bed covers together, fastened them to the window and let himself down by the covers.  When about 30 or 40 feet from the ground the covers parted and he fell to the pavement, sustaining severe injuries, particularly to his right wrist.  The alarm of fire came to the fire station at 10:51, and it took the firemen about two minutes to get to the fire.  Plaintiff testified that when he fell it was about 10:45.  It is not shown when the fire was first discovered by the defendant or his employees. The fire started in a store-room on the third floor, where old pieces of furniture and cleaning compounds were kept, and gained headway very rapidly.  This short outline of the facts discloses that the question of the defendant's negligence is indeed a very close one.  At the conclusion of plaintiff's case, the defendant rested, and asked the court to direct a verdict for the defendant, which was refused.  We are constrained to hold that the evidence was sufficient to submit the case to the jury.

The verdict was excessive, and Judge Leslie ordered a

remittitur of $5,000. That there is something inherently wrong with the jury's finding is evident. Appellee insists that the remittitur was erroneously directed, and asks this court to direct a judgment for the full amount of the verdict. We cannot concede this. The remittitur was fully justified by the record.

Appellant claims that the verdict is so excessive as to plainly indicate passion and prejudice on the part of the jury, caused, as they assert, by the misconduct of plaintiff's attorneys in persistently and wrongfully attempting to get before the jury unfounded suspicions that defendant was responsible for the starting of the fire. There are some parts of the record which in part, at least, bear out this claim, and counsel in their zeal went too far. One witness, a state fire warden, was called by them, and an attempt was made to prove by him that he had met a colored man on the street, and the colored man had informed the witness that he was a porter at defendant's hotel at the time of the fire, and that the colored man told him the fire was caused by him throwing a match into the room. That part of the testimony which witness said the colored man said about throwing a match into the room was excluded, but enough was admitted to tend to throw suspicion on the defendant. This was the plainest kind of hearsay evidence and should not have been offered at all. This witness was further permitted to testify to certain cans in the store-room which he claimed, without sufficient knowledge, to have contained gasoline and kerosene and to smell of these inflammable liquids. The assistant fire chief was pressed by plaintiff's counsel to give his conclusion as to what started the fire. On objection his conclusion was not admitted, but he did testify that his suspicions were aroused. This statement was by the court stricken out, but perhaps the jury may not have been able to exclude it from their consideration. He further stated on direct examination that in the store-room after the fire he smelled kerosene and gasoline, and on cross-examination

he stated he had not smelled either.

At the close of the trial the judge struck out of the record that part of the testimony of the fire chief and the fire warden, all their testimony as to the cans in the store-room and their contents, and in the instructions the jury were directed that they should not consider any statements of witnesses which were stricken out by the court. But the thought naturally arises that, the jury having received a suspicion that the fire was set by gross negli-gence, probably their feelings were aroused so that they may not have fairly considered the evidence, and the size of the verdict confirms this.

Another feature of the case should be noticed, although no specific objection is made thereto. The plaintiff was permitted to shake hands with each of the jurors in the trial, to show the weakened grip in his injured hand. This is demonstrative evidence of a very doubtful character, and so easily susceptible of manipulation and deceit that such practice should not be encouraged. Possibly the plaintiff did give the jury a fair exposition of the relative strength of his wrists, but it afforded an opportunity for imposition in a manner that cannot be met by other proof or by cross-examination.

The trial judge died without passing upon the motion for a new trial, and we are not given the aid of his judgment as to the verdict being the result of prejudice. The judge who ruled on the motion was satisfied that the verdict was grossly excessive. If the plaintiff's case was strong enough to lead to the conclusion that another jury would in all probability reach a verdict for the plaintiff, this cause might well be affirmed; but because of the close question of fact involved and because of the matters above stated, and being without the judgment of the trial judge, we think the cause should be reversed and a new trial granted.

REVERSED AND REMANDED.