CHRISTENA STEGEMANN, Appellee, v. CLAUS PAULSEN, Appellant.

**LIBEL AND SLANDER:** Damages—Mitigation. The fact that slanderous words were spoken under great mental excitement, while constituting no defense, may, nevertheless, be given due consideration on the issue of malice.

**TRIAL:** Verdict—One-Form Submission. The court very properly submits but one form of verdict, to wit, *the amount of plaintiff's recovery,* in a cause in which the record conclusively reveals the speaking of words which are slanderous *per se,* with no plea of justification by the defendant.

**NEW TRIAL:** Verdict—Excessiveness—$1,000. Verdict of $1,000 for slander sustained as nonexcessive.

*Appeal from Ida District Court.*—E. G. ALBERT, Judge.

DECEMBER 15, 1922.

ACTION to recover damages in the sum of $4,000 predicated on slanderous words. Cause tried to a jury resulting in a verdict for plaintiff in the sum of $1,000. From the judgment entered defendant appeals.—*Affirmed.*

*Campbell & Campbell* and *A. C. Johnston,* for appellant.

*M. M. White,* for appellee.

DE GRAFF, J.—Plaintiff sued the defendant for slander and

recovered damages. The petition alleged that the defendant in the town of Holstein and in the presence and hearing of divers citizens called the plaintiff a "whore" and said concerning her other things that imputed to her a want of chastity. Defendant made answer by general denial, and by amendment thereto alleged "that if he uttered false and defamatory words concerning plaintiff that the same was due to a mental and nervous condition at that time, and also due to the actions of the plaintiff."

Defendant is a contractor and builder and prior to the trial had been so engaged for twenty years. Plaintiff is a married woman and local corresponding secretary and treasurer of the Brotherhood of American Yeomen. That the slander alleged by plaintiff was made by the defendant the record leaves no doubt. There was a repetition of the slanderous accusations. Upon the trial of the case the defendant was asked: "You heard the witnesses testify today, didn't you? A. Yes, sir. Q. And since they testified you told one of them that said that you called this woman a whore that he told the truth, didn't you? A. Yes, sir." Defendant further testified: "I was never sorry and never will be."

The errors relied upon for reversal are (1) that the verdict is not sustained by sufficient evidence (2) that the verdict is excessive and the result of passion and prejudice (3) that the court submitted to the jury but one form of verdict.

The case merits a brief opinion. It is not our province to interfere with the findings of a jury on fact questions. That the slanderous words were spoken was admitted by the defendant. That they were spoken in passion or excitement does not constitute a defense, and no justification was pleaded. Under such circumstances the jury is entitled to consider the proof in mitigation of damages as such evidence would tend to prove the absence of malice which is the gravamen of the action. *Ritchie v. Stenius,* 73 Mich. 563 (41 N. W. 687); *McClintock v. Crick,* 4 Iowa 453.

1. LIBEL AND SLANDER: damages: mitigation.

To call a woman a whore is actionable *per se* without proof of special damages. *Smith v. Silence,* 4 Iowa 321, *Cushing v. Hederman* 117 Iowa 637.

The court in its instructions explained to the jury three kinds of damages, to wit: nominal, compensatory and exemplary and in view of the record containing the admissions of the defendant the court was warranted under the law in submitting but one form of verdict. Under the pleadings and the evidence the plaintiff was entitled to a verdict in some amount. It was the special function of the jury to fix the amount which it did in the sum of $1,000.

2. TRIAL: verdict: one-form submission.

Is it excessive? It is a serious accusation to call a chaste woman a whore and the accuser may well expect to respond liberally in damages. *Hahn v. Lumpa*, 158 Iowa 560. It may well be questioned whether an appellate court should ever interfere with verdicts in cases of this character, and unless the amount of the verdict is so flagrantly excessive to raise a presumption that it is the result of passion, prejudice, or undue influence, the verdict should not be disturbed.

3. NEW TRIAL: verdict: excessiveness: $1,000.

Upon a careful review of the record and the law of this case we discover no reason for reversing the judgment entered. The most priceless thing that one possesses is his reputation, and it should be protected from the poisonous tongue of slander. Money damages is a poor compensatory equivalent for injury sustained by an unwarranted challenge that destroys or tends to destroy a person's standing in the social and business world. The great English dramatist well said: "He who filches from me my good name robs me of that which not enriches him but leaves me poor indeed."

Plaintiff herein sustained her cause of action, and the judgment entered is—*Affirmed*.

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.