CASS, Respondent, v. THE PACIFIC MUTUAL LIFE INS. CO. of California, Appellant.

(253 N. W. 626.)

(File No. 7590. Opinion filed March 19, 1934.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Apellant.

*Roscoe Satterlee,* of Mitchell, for Respondent.

POLLEY, J. This action is brought to recover on the same insurance policy that is involved in Cass v. Pac. Mutual Life Insurance Company of California, 62 S. D. 502, 253 N. W. 622, just handed down, but for a different period of time. The sickness alleged to have caused the disability in this case is the same as it was in that. The questions presented for determination in this case are the same, with one exception, as they are in that, and, so far as those questions are concerned, the result in this case is the same as in that.

The one new proposition presented by the record in this case grows out of an exhibition to the jury made by the plaintiff of some of his diseased joints. Over defendant's objection the trial court permitted one of plaintiff's medical witnesses to take the plaintiff out in front of the jury and there exhibit plaintiff's hands, wrists, feet, ankles, and knees to the jury, and show the inflamed condition of these members, and the restricted movements of the joints. Appellant contends that such a display is calculated to appeal to the sympathy and passion of the jury, and constitutes reversible error. But this class of evidence, under proper restric-

tions, is usually held to be admissible, though its admission rests to some extent in the sound discretion of the trial court, and, unless there is an apparent abuse of this discretion, the ruling of the trial judge will not be disturbed on appeal. Wigmore on Evidence, § 1158; Mulhado v. Brooklyn City R. Co., 30 N. Y. 370; Felsch et al v. Babb et al, 72 Neb. 736, 101 N. W. 1011; 9 Encyclopædia of Evidence, 785; 22 C. J. 788.

But in this case the privilege was abused. While the doctor was manipulating these joints, plaintiff winced as though with pain and exclaimed "ouch" and "it hurts," etc. This course of conduct has a natural tendency to appeal to the passion and sympathy of the jury and to lead to excessive verdicts; and in a case where the jury had the fixing of the amount of the verdict, we would not hesitate to reverse a judgment because of a demonstration like the one made in this case. We are expressing our disapproval of the course of conduct followed by plaintiff and his counsel in this case, so that a similar situation may not arise in another case. In this case the evidence, aside from that here under consideration, was such that plaintiff was clearly entitled to recover, and the amount of recovery being fixed at a specific sum by the policy, the defendant was not prejudiced.

The judgment and order appealed from are affirmed.

All the Judges concur.