CASS, Appellant, v. PACIFIC MUTUAL LIFE INS. CO., Respondent.

(258 N. W. 125.)

(File No. 7742.   Opinion filed December 17, 1934.)

*Roscoe Satterlee,* of Mitchell, for Appellant.

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Respondent.

CAMPBELL, J.  In March, 1931, plaintiff, Cass, became afflicted with arthritis, as a result of which he claimed to suffer for a considerable period of time total physical disability.  At the onset of this ailment, plaintiff owned three policies of insurance which had previously been issued and delivered to him by defendant company.  One was an income policy providing a monthly indemnity of $300 per month in case of sickness resulting "in continuous total loss of business time," such indemnity not to commence, however, until the disability had continued for a period of three months.

This income policy is the one involved in other actions by this same plaintiff against this same defendant previously before this court. Cass v. Pac. Mut. Life Ins. Co. (1934) 62 S. D. 502, 253 N. W. 622; Id. (1934) 62 S. D. 509, 253 N. W. 626; Id. (1934) 63 S. D. 23, 256 N. W. 120. The other two policies (which are designated in the complaint and in the record here as Exhibits A and B) were life insurance policies, each for the sum of $5,000 and each containing a clause entitled "Permanent Total Disability Benefit," which read as follows:

"Should the Insured, before attaining the age of sixty years and while this Policy is in full force and no premium thereon in default, become so disabled as to be totally and permanently unable to perform any work or engage in any occupation or profession for wages, compensation or profit, or suffer the irrecoverable loss of the entire sight of both eyes, or the use of both hands or feet, or of one hand and one foot, the Company will waive the payment of future premiums and pay the Insured Fifty Dollars immediately on receipt of due proof of such disability or loss and a like sum on the first day of each month thereafter as long as the Insured shall live, and such waiver of premiums and payment to the Insured shall not affect any other benefits or values granted under the conditions of the Policy, provided, however, as follows:

"Should the Insured at any time thereafter, when required by the Company, (such requirement, however, not to be exacted more frequently than once a year,) be unable to furnish due proof of the continuance of his right to the foregoing benefits, the Company will discontinue the same and require the payment of any premiums which may thereafter become due under the conditions of the Policy, but no reimbursement shall be required for any premiums waived or monthly payments made.

"Should the Insured, in time of war, engage in any military or naval service, this Benefit shall thereby be made void.

"Should the Insured, before attaining the age of sixty years, elect to have this Benefit cancelled, a reduction in the annual premium of twenty-five cents for each Ten Dollar unit of monthly payment hereunder will thereafter be made."

In the summer of 1931, plaintiff's illness continuing, he took the position that he was suffering continuous total loss of business time within the meaning of the income policy and that he was like-

wise incapacitated within the meaning of the permanent total disability clauses which were part of the two life insurance policies, and, accordingly, he filed claims under all three of the policies and presently (early in September, 1931) an adjuster for the defendant company called upon him. The adjuster questioned the nature and extent of plaintiff's disability and questioned the liability claimed by plaintiff under each of the policies. After considerable discussion, it was finally agreed between plaintiff and defendant's adjuster that the permanent total disability clauses in the two life insurance policies should be canceled and that defendant company would pay to plaintiff on the income policy the sum of $300 per month from the beginning of his disability to the then date (excluding the first three months for which he was not entitled to indemnity under the terms of the policy) and would thenceforth proceed under the terms of the income policy. Accordingly, plaintiff addressed a letter to defendant company requesting the cancellation of such clauses in the two life insurance policies and, pursuant to such request on his part, the following cancellation was indorsed on each policy:

"Pursuant to an agreement between the Company and the Insured dated September 17, 1931, it is hereby understood and agreed that the Permanent Total Disability Benefit of this Policy, shall, commencing September 17, 1931, be void and of no effect, and that in consideration of said voidance the premiums required under the conditions of this Policy shall, commencing with the premium due September 22, 1931, be reduced to $166.50 annually, $86.60 semi-annually or $44.20 quarter annually."

Plaintiff has ever since continued to pay the premiums on said life insurance policies and to pay them at the reduced rates arising by virtue of such cancellation. Defendant at that time paid to plaintiff the sum of $900, being the amount accrued at $300 per month under the income policy for continuous loss of business time. They likewise paid the sum of $300 indemnity for the ensuing month under the income policy. Defendant then took the position that plaintiffs' condition had become such that he no longer suffered total or continuous loss of business time and refused further payments under the income policy, which resulted in the litigation to which we have hereinbefore referred. Defendant company notified plaintiff in November, 1931, that he was not in their opinion

entitled to further payments under the income policy. Plaintiff continued thereafter to acquiesce in the contract of September, 1931, for the cancellation of the disability benefits in the two life insurance policies and made no complaint in that regard until May, 1932, when he advised defendant company by letter that he claimed that his consent to such cancellation had been obtained by fraud. Defendant company immediately communicated with plaintiff, denying that there had been any fraud in the matter of the cancellation of said clauses. Plaintiff continued to pay the premiums on the life policies at the reduced rate provided for at the time of the cancellation agreements and said or did nothing further about the matter until November, 1932, when he instituted the present action, seeking to rescind and set aside the cancellation of the physical disability clauses in the two life policies upon the ground that his consent thereto had been obtained without consideration and by false and fraudulent representations. Plaintiff asked also to have said disability clauses reinstated in the respective life policies and to recover by virtue thereof the sum of $50 per month on each policy since the beginning of his illness on March 2, 1931, and asked for the refund of premiums paid on the life insurance policies during that period on the theory that during said entire period he had been so disabled as to be totally and permanently unable to perform any work for wages, compensation, or profit, etc., within the meaning of the disability clauses.

Issues being joined, the matter came on for trial before the court without a jury, and findings, conclusions, and judgment were in favor of defendant company, from which judgment and a denial of his motion for new trial plaintiff has appealed.

The trial court, after finding plaintiff's consent to the cancellation of the physical disability clauses, further found as follows:

"That neither the defendant company, Pacific Mutual Life Insurance Company of California, nor its agent, T. A. Wiegand, nor anyone on behalf of said defendant, company did, on the 17th day of September, 1931, nor at any time, make any false or fraudulent representations whatsoever to the plaintiff, Lorne R. Cass, in connection with the said agreements made by said Cass and said defendant company for the cancellation of the total perma-

nent disability clauses of said life insurance policies numbered 422249 and 422250.

"V. That the plaintiff, Lorne R. Cass, made said agreements for the cancellation of disability benefits under the said two life insurance policies on said 17th day of September, 1931, and thereafter acquiesced in said agreements; that he was notified by the defendant insurance company on or about November 26, 1931, that said company would no longer continue the payment of disability benefits under the said noncancellable income policy above referred to; that said plaintiff thereafter continued to acquiesce in said agreements for cancellation and made no claim and gave no notice to defendant company that he, plaintiff, did not intend to be bound by said agreements for cancellation until on or about May 21, 1932, when he advised defendant company by letter that he claimed that the cancellation of said total and permanent disability clauses of said life insurance policies had been obtained by fraud; that said defendant company immediately notified the plaintiff that it denied that such cancellation was obtained by fraud; that the plaintiff did nothing further about said claim of fraud in this matter thereafter until the commencement of this action on November 12, 1932; that said plaintiff has, at no time, restored to the defendant company, nor tendered nor offered to restore to said defendant company, the consideration received by the plaintiff on or about September 17, 1931, nor any part thereof, either conditionally or otherwise, and that the plaintiff was at all times involved in this action free from duress, fraud, menace, undue influence and disability, and that the plaintiff did not, in any event, in view of the facts and circumstances of this case, promptly rescind said agreements for the cancellation of said total and permanent disability clauses of said life insurance policies.

"VI. That the plaintiff, Lorne R. Cass, was not, between the 2nd day of March, 1931, and the 1st day of October, 1932, so disabled as to be totally and permanently unable to perform any work or engage in any occupation or profession for wages, compensation or profit, and was not otherwise so disabled as to be entitled to the permanent total disability benefits provided for in said life insurance policies numbered 422249 and 422250 prior to the cancellation thereof."

Appellant challenges the sufficiency of the evidence to support such findings.

We have somewhat pictured the general situation above and to further go into detail would not be helpful. At the time of the cancellation agreement, there was a controversy between plaintiff and defendant as to his right to recovery under any of the three policies. Plaintiff had been having medical attendance for a period of months and had also retained an attorney, and, before agreeing to the cancellation, consulted both his medical advisor and his legal advisor. We are convinced that the evidence clearly supports the court in finding that there was consideration for the cancellation agreement and that appellant's consent thereto was not procured by any false or fraudulent representations. It follows therefore that the cancellation agreement was and is valid and must stand, and it becomes entirely unnecessary to examine the sufficiency of the evidence so far as concerns the last finding above quoted.

The judgment and order appealed from are therefore affirmed.

All the Judges concur.