Argued February 11; affirmed March 3, 1936.

# LAMPA *v.* HAKOLA
(55 P. (2d) 13)

*Garnet L. Green* and *S. A. Wold,* both of Astoria,
for appellant.

*A. W. Norblad, Jr.*, of Astoria (Norblad & Norblad, of Astoria, and Maguire, Shields & Morrison and Donald K. Grant, all of Portland, on the brief), for respondent.

BEAN, J. This is an appeal by plaintiff from an order of the trial court setting aside the verdict of the jury and judgment thereon in favor of plaintiff. The jury brought in a verdict in favor of plaintiff and against defendant in the sum of $4,000 upon an action arising out of a personal injury. On motion of defendant the trial court set aside the verdict of the jury and judgment and granted a new trial.

The complaint alleges that the plaintiff sustained the following injuries: "Injury to the right sacral region and sacroiliac joint; injury to the sciatic nerve; injury to the back and backbone; injuries to the muscles and ligaments of the back; extreme pains in back and numbness of the right leg. * * * he has suffered and will for a long time to come suffer extreme physical pain. * * *" The defendant denies the allegations of injuries in plaintiff's complaint. Error is predicated on the granting of an order setting aside the verdict and judgment on motion of defendant and granting a new trial upon the ground that the demonstration during the trial constituted reversible error.

Dr. Jasper, as a witness for plaintiff, when upon the stand, conducted the demonstration, which, with the objections, is as follows:

"Q. Will you demonstrate this man up here before this jury, Doctor.

A. Demonstrate him.

Mr. Norblad: Just a minute; are you going to demonstrate that he couldn't bend over.

Mr. Green: No, have the doctor explain what he did.

A. Is it all right?

Court: Go ahead.

A. (To plaintiff) First thing stand with your heels in a military position, and you do as I do, stoop forward with your hands up, stoop over as far as you can.

Mr. Lampa: I can't stoop at all.

A. Try it.

Mr. Lampa: It hurts so bad I can't stoop.

A. Just try it.

Mr. Norblad: I submit, Your Honor, that this is not proper; I can do the same thing; I submit it is improper.

Court: No, objection overruled.

A. I am doing my best.

Mr. Norblad: Please understand you are making no comments here: I am making my objection to the court, not you.

Court: Both of you keep still.

A. Put your hands down and try stooping forward; I will measure how far you can stoop down.

Mr. Lampa: It hurts me right now like dickens: it hurt me right now.

A. Thirty inches this time; the first time I examined him was within 17 inches; that was in February; on my second examination he acted about like he did now; he couldn't stoop forward very well.

Q. Go ahead and tell the result of your examination.

A. This is just one; try to stoop backwards like this.

Mr. Lampa: It is impossible.

Mr. Norblad: This is certainly improper; there are comments being made by this man all the time; I would like to have the record show that the plaintiff is making statements here constantly that is absolutely improper.

Court: Objection overruled.

A. Let us see what happens when you try to do this. (Bends backwards).

Mr. Lampa: I can't do it at all, Doctor; just like that, Oh, oh, it hurts. Uh.

A. What side does that hurt.

Mr. Lampa: Right here; right here.

A. Try this motion; (sideways bending). Now the other side as far as you can.

Mr. Lampa: It still hurts.''

■■ The identical question was passed upon by us in the case of *Peters v. Hockley,* January 28, 1936, ante p. 434 (53 P. (2d) 1059). Applying the principle there announced, while the trial court may, in its discretion, permit a plaintiff in a personal injury case to exhibit a limb that has been injured where there is no reason for exciting the sympathy of the jury, it was error for the trial court to permit a demonstration of subjective symptoms by the plaintiff to the jury by stooping forward with his hands up and bending backward and bending sideways, while the plaintiff was declaring, ''It hurts so bad I can't stoop,'' and crying out with pain, over the protest and objection of defendant.

In the present case the plaintiff had testified in regard to his condition and the doctor had testified as to his physical examination of plaintiff. The natural tendency of the demonstration, and testimony where the plaintiff said: ''I can't do it at all, Doctor; just like that, Oh, oh, it hurts, uh,'' as the trial court evidently thought, and we concur, was to excite the sympathy, and perhaps the prejudice, of the jury, and on account thereof increase the amount of damages. In causing this demonstration to be made before the jury the plaintiff took the risk, and if the proceedings interfered with the proper incidents of the trial, as found by the trial court, the responsibility must rest upon the plaintiff to the extent of standing a new trial and bearing the burden thereof.

At argument counsel for plaintiff did not seem to question our ruling in the *Peters v. Hockley* case but

contended that inasmuch as the prior testimony had tended to show plaintiff's injuries, pain and suffering, the demonstration was harmless. Notwithstanding the testimony may have shown such facts, if, as we think, there was danger of exciting the sympathy and prejudice of the jury, the effect would be reflected in the amount of the verdict. We think this case is governed by the opinion in *Peters v. Hockley,* supra.

■ Counsel for plaintiff urge that the objection to the demonstration was general and not sufficiently explicit to call the matter to the trial court's attention. Counsel for defendant submitted to the court that the proceeding was "not proper", and stated "I can do the same thing." This last quoted statement indicated that anyone not injured as plaintiff was could refrain from stooping or bending, or, in other words, suggested as plainly as counsel would desire to before the jury that it afforded an opportunity for the plaintiff to simulate. Counsel for defendant stated, "I submit it is improper." We think the objection to the demonstration was plainly called to the attention of counsel for plaintiff and to the court and was sufficient.

It is also contended that the defendant should have moved the court to strike out the testimony objected to, quoted above. It would be an exceedingly difficult task for the court to take away the impression upon the jury of the expressions of pain made by the plaintiff. It is impossible to uncook a roasted apple. We think the trial court acted well within its discretion in granting the motion for a new trial.

■ A motion for a new trial is addressed to the sound discretion of the trial court and will be reviewed only for an abuse of that discretion, and it requires a clearer case or much stronger showing to authorize a reversal of the order granting a new trial than it does to

reverse an order overruling a motion therefor: *Cicrich v. State Ind. Acci. Comm.*, 143 Or. 627, 635 (23 P. (2d) 534); *Dickson v. King*, 147 Or. 638, 643 (34 P. (2d) 664).

The trial court was in a better position, after hearing the testimony and noticing the witnesses on the stand, to decide whether the improper testimony would or was likely to improperly impress the jury or excite their sympathy or resentment against defendant, and it was particularly appropriate for the trial court to exercise its discretion in the matter.

We do not suggest that the plaintiff did not act in good faith while the demonstration was being made.

In the Peters case we referred to 26 R. C. L. 1019; *Patterson v. Howe*, 102 Or. 275, 284 (202 P. 225); *Cass v. Pac. Mut. Life Ins. Co.*, (S. D.) 253 N. W. 626); *Meyer v. Johnson*, 224 Mo. App. 565 (30 S. W. (2d) 641); *Willis v. City of Browning*, 161 Mo. App. 461 (143 S. W. 516); *Butez v. Fonda, etc. R. Co.*, 45 N. Y. Supp. 808; *Stewart v. Weiner*, 108 Neb. 49 (187 N. W. 121); *Vance v. Monroe Drug Co.*, 149 Ill. App. 499; *Felsch v. Babb*, 72 Neb. 736 (101 N. W. 1011), and quoted from several of the opinions. See also *Riepe v. Green*, (Mo. App.) 65 S. W. (2d) 667.

We think there was no abuse of discretion by the trial court in setting aside the judgment and granting a new trial.

Judgment of the circuit court is therefore affirmed.

CAMPBELL, C. J., and RAND and BAILEY, JJ., concur.