ALANSON F. MORSE, Appellee, v. CENTURY CAB COMPANY et al., Appellants.

No. 45386.

444

MAY 13, 1941.

Comfort, Comfort & Irish and John D. Randall, for appellants.

George C. Claassen and F. A. Hronik, for appellee.

HALE, C. J.—Alanson F. Morse, residing on and owning and operating a ranch in Montana, was on the 17th of August, 1936, in Cedar Rapids on business and staying at the Hotel Montrose. With two friends, about 9:30 in the evening, he went to the Silver Palace, a night club on the west side of the river in Cedar Rapids, where they remained until about 12 o'clock. Plaintiff and one of his companions came out of the Silver Palace, and Claude Anderson, driving the Lee Robinson taxicab, was at the entrance. The two men entered the cab, plaintiff sitting on the right side, and directed the driver to take them back to the hotel. Sixteenth avenue on the west side of the river, after crossing the bridge becomes Fourteenth avenue on the east side. The entrance to the bridge is about a block and half east of the Silver Palace. The location of the accident is just east of the intersection of Fourteenth avenue and Second street. It is alleged by the plaintiff that from the time of leaving the Silver Palace to the point of collision Anderson was driving the automobile at a high rate of speed, greater than was permitted by the state law and the ordinances of Cedar Rapids, so that the rear end of the car was skidding from side to side as it crossed the bridge and continued to skid from the east end of the bridge to the point of collision, a block and a half farther east. There was evidence supporting plaintiff's claim that from the time Anderson left the Silver Palace he was racing with a car driven by a third party, one King, and that Anderson drove so fast as he crossed the bridge and proceeded to the point of collision that plaintiff was shaken and jostled against the side of the car. It is denied by the defendants that there was such excessive speed, and evidence was introduced to that effect. The driver, a witness, testified that the driver of the other cab was attempting to get around him for a distance of approximately 200 feet, and that from the east end of the bridge to the point of the accident the driver of the car in which plaintiff was sitting did not slow his car down. At the place of the accident there was a car parked along the south curb. While the two cars were driving side by side,

Anderson's car on the south struck the parked car, the collision resulting in injuries to the plaintiff. There was also evidence that Anderson's car had no lights just prior to the point of the collision. There was evidence that the place where the collision occurred was within a business district, and that for a short distance from the east end of the bridge the pavement was rough, and that there was a slight angle to the right immediately after leaving the east end of the bridge and a sharper angle to the left immediately after leaving the intersection of Second street and Fourteenth avenue. Evidence was introduced showing that Anderson was driving the defendant Lee Robinson's taxicab with such defendant's consent, that Bradley Carlton, owner of the Century Cab Company, and Lee Robinson and other owners of taxicabs had a mutual operating agreement, Carlton maintaining the office, notifying drivers stationed at various parts of the city, paying the license fees, and generally managing the operation of the cabs used for carrying passengers for hire in and around the city.

There was a trial to a jury and a verdict of $2,800 rendered in favor of the plaintiff. At the conclusion of plaintiff's testimony and at the conclusion of all the testimony defendants filed a motion to direct a verdict, which motions were overruled. Motion for new trial and exceptions to instructions were duly filed and overruled, and defendants appeal.

I. Defendants' first complaint is that the court erred in admitting in evidence, over objection, certain exhibits offered by the plaintiff; and as reason for such objection allege that the same had no probative value, were irrelevant, immaterial, and incompetent to prove the matters sought to be proved thereby, and were too remote. Exhibits Nos. 5, 6, and 7 were three promissory notes executed by the plaintiff in 1935, in sums of $540, $40, and $100. Exhibit 8 was a chattel mortgage for $450, executed in 1939. They were offered only for the purpose of showing the difference in signatures before and after the injury to the plaintiff. The jury were cautioned by the court to give no consideration to the substance of the exhibits other than the handwriting, before and after the accident. In some cases it has been held that the presence of prejudicial matter in a paper which is sought to be introduced in cases where com-

parison of signatures is in issue will justify the rejection of the exhibit by the court, but we do not think this is such a case. Cases cited by defendants refer more particularly to demonstrations before the jury which plainly tended to excite the passions and prejudices of the jury. Thus the case of Peters v. Hockley, 152 Ore. 434, 53 P. 2d 1059, cited by defendants, was reversed for the reason that it was an abuse of the trial court's discretion to permit a physician to raise the injured arm of a plaintiff in the courtroom, causing her to cry out with pain, as tending to open the door for simulation and having a tendency to arouse the sympathies of the jury for the plaintiff and possibly against the defendant. Defendants also cite Felsch v. Babb, 72 Neb. 736, 101 N. W. 1011, in which the court permitted a demonstration of the plaintiff's inability to walk and to handle articles with his hands. The court in that case held that the ruling of the trial court was erroneous, but the case was not reversed because the verdict was not such as to indicate that the passion and prejudice of the jury were influenced. In Stewart v. Weiner, 108 Neb. 49, 187 N. W. 121, also cited by defendants, the plaintiff was permitted to shake hands with each of the jurors on the trial to show the weakened grip in his injured hand. There could be no question in such a case that such demonstrative evidence was of such doubtful character and was so easily susceptible to manipulation that such practice should not be encouraged, and the case was reversed.

However, none of these rulings applies to the facts in this case. The evidence admitted as to the handwriting before and after the injury was possibly not of great probative value, but we are of the opinion that it was admissible. There are undoubtedly variations in a person's handwriting, not only from year to year but from day to day, in a person whose physical condition has not been changed; but this was a question for argument to the jury, rather than for exclusion of the testimony. Courts have so frequently been sustained in authorizing exhibits of the nature of those admitted here that we cannot find that there was error in this instance. The fact that plaintiff had at one time executed notes to a bank, even if considered by the jury, would not tend to create prejudice in plaintiff's favor, especially in view of the fact that the three exhibits were in the

possession of the plaintiff, and therefore presumably had been paid. There was no error in admitting the exhibits, and the jury were fully cautioned as to the reason for their introduction. The exhibits were not of such character as to be governed by the rule as to demonstrations argued by defendants.

It is also urged that the exhibits, by their dates, are shown to be too remote in time. We cannot agree with this objection. The injury occurred in August 1936, and the three notes were dated in 1935 and the last paper in 1939. Vannest v. Murphy, 135 Iowa 123, 112 N. W. 236, cited by defendants, was a will case in which the evidence offered and the exhibits referred to various transactions occurring respectively eighteen and eleven years before the trial, and the ruling in that case could have no application here.

II. As their second assignment of error the defendants claim that the court erred in submitting to the jury its instruction No. 3, wherein the court stated that in the event the jury found that the defendants were common carriers, then the defense of contributory negligence was not available to them. Section 11210 of the Code, 1939, relating to contributory negligence, is as follows:

"In all actions brought in the courts of this state to recover damages caused by the negligence of the defendant, the burden of proving contributory negligence shall rest upon the defendant. This section shall only apply to actions brought by an employee against his or her employer, or by a passenger against a common carrier, and in such cases contributory negligence may be pleaded in mitigation of damages."

In his original petition plaintiff did not plead freedom from contributory negligence. Later, in the trial, however, he did so plead, but there was no denial thereof by any pleading of the defendants, nor was there any pleading alleging facts in mitigation of damages. Hence, there was no issue on contributory negligence, nor was there any evidence introduced by defendant in support thereof. See, Oestereich v. Leslie, 212 Iowa 105, 114, 234 N. W. 229, 233; and Bell v. Brown, 214 Iowa 370, 374, 239 N. W. 785, 787, and cases cited.

It is further claimed that the court failed to instruct on the

question of mitigation, but mitigation was neither pleaded nor proved, and such matters must be pleaded and proved as such, and mitigation must be specially pleaded to entitle defendants to introduce evidence thereof. There being neither such pleading nor proof, the court would not have been justified in instructing thereon.

Sections 11172 and 11173, Code of 1939, relating to pleadings, provide that the " * * * defendant may set forth, in a distinct division of his answer, any facts, of which evidence is legally admissible, to mitigate or otherwise reduce the damages, whether a complete defense or justification be pleaded or not, * * * ''; and further: "No mitigating circumstances shall be proved unless pleaded, except such as are shown by or grow out of the testimony introduced by the adverse party." See also, Bell v. Brown, supra; Oestereich v. Leslie, supra; Hahn v. Lumpa, 158 Iowa 560, 562, 138 N. W. 492, 493; Flam v. Lee, 116 Iowa 289, 90 N. W. 70, 93 Am. St. Rep. 242, and cases cited.

III. The defendants object to instruction No. 6, in which the court undertook to set out the elements necessary to be established in order to warrant a verdict for the plaintiff. Their claim is that such instruction did not advise the jury what allegations of plaintiff's petition must be established in the event that they found that a joint enterprise did exist, and that the defendant Lee Robinson was a carrier of passengers for hire. However, in other instructions, as in instruction No. 3, the court instructed as to who had the burden of proof on the question of contributory negligence in the event that the defendants were common carriers and engaged in the furtherance of their common enterprise. Instruction No. 4 was as to the diligence of a carrier of passengers for hire. In a later instruction the jury were told that the plaintiff must establish all the material allegations of his petition by a preponderance of the evidence, and this was repeated throughout the instructions. We think that an examination of all the instructions indicates that the jury were fully instructed and there was no request for any more specific instruction. The court also gave the usual instruction directing the jury to consider the instructions as a whole in arriving at their finding. Taking all the instructions together, we do not

find that the defendants' complaint in this respect can be sustained.

IV. Defendants complain of the specifications of negligence by the court to the effect that the two taxicabs were "racing with each other across said bridge and up to the point of collision." But the charge was not only made in the petition but there was evidence to support it and it was properly submitted.

V. Defendants object to the giving of instruction No. 13, but apparently there is some confusion as to the instruction itself or the copy from which the objection was made. An examination of the instructions shows that instruction No. 12 correctly instructed as to the assured clear distance ahead. Instruction No. 13 was directed to the claim that defendants' driver did not have his car under control and the instruction as to that ground, as shown by the amended abstract, of which there is no denial, was also correct. The objection made by defendants that the court injected the term "may bring it to a stop with a reasonable degree of celerity," which tended to confuse the jury and was an incorrect interpretation of the clear-distance statute (erroneously stated to be incorporated in the thirteenth instruction), need be given no further consideration.

VI. The assigned error that the court erred in not granting a new trial on account of an excessive verdict we do not think is substantiated. This was a matter for the jury's consideration, and in this case we do not think the verdict was such as to call for any action on our part.

A motion by plaintiff to strike defendants' second amendment to the abstract, submitted with the case, is overruled.

We find no error in the trial or in the rulings of the district court. The cause is, therefore, affirmed.—Affirmed.

STIGER, SAGER, BLISS, OLIVER, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.