Argued at Pendleton October 31, Affirmed December 18, 1928.

## R. H. DeARMOND *v.* F. E. FENWICK ET AL.

(272 Pac. 893.)

For appellant there was a brief and oral argument by *Mr. R. W. Swagler.*

For respondent there was a brief and oral argument by *Mr. Robt. D. Lytle.*

BELT, J.—This is an action to recover damages for alleged breach of contract. On August 22, 1927, the parties hereto entered into a written agreement for the sale of certain cattle, which, so far as material herein, provides as follows:

"This is to certify that F. E. & J. L. Fenwick of Agricultural Livestock Company has this 22nd day of August, 1927, bargained and sold to R. H. De-Armond and agrees to deliver to R. H. DeArmond or order the following cattle and guarantees title thereto and same to be free from all taxes, liens and encumbrances.

| No. of Head Approxi- mately. | Description, Brands, etc. | Price. | Cwt. | Hd. | Time and Place of Delivery, |
|---|---|---|---|---|---|
| 40 | Yearling steers | | | $55.00 | About Sept. 10th, 1927, at Adrian, Ore. |
| 50 | Head cows, calves at side | | | | |
| 30 | 2 year old heifers and dry cows | | | | |
| 2 | Hereford Bulls | | | | |

"This represents all our band and brand excepting yearling heifers and 5 milch cows & calves."

Seven hundred dollars was paid by plaintiff to defendants upon execution of the contract.

It is alleged by plaintiff that defendants have failed and refused to comply with the contract of sale, in that they offered to deliver 54 yearling steers; 36 cows "with calves at side"; 22 dry cows and 2 Hereford bulls. Plaintiff refused to accept the cattle which the defendants offered to deliver, for the reason that they did not approximately comply with the classifications made in the contract of sale. Judgment is asked for the amount paid upon execution of the agreement and for damages representing

the profits plaintiff would have made had defendants delivered the kind and number of cattle which they contracted to sell.

Defendants, in substance, answer that they offered to deliver to plaintiff the number and kind of cattle as alleged by him and that they have complied with the terms and conditions of the contract on their part to be performed. There are other issues under the pleadings but they are not material to a consideration of the questions presented upon this appeal.

The case was submitted to a jury and a verdict returned in favor of defendants. On motion of the plaintiff the verdict and judgment were set aside and a new trial granted. Defendants appeal.

 The decision of this case is determined by the construction of the written contract. It is contended by defendants that plaintiff contracted to buy all of their ''band and brand, excepting yearling heifers and five milch cows and calves,'' and that the number of cattle stated under the various classifications is not material. We think this position is untenable. The price of $55 per head for the cattle was no doubt fixed by taking into consideration the value of those mentioned in the different classifications. Yearling steers, according to the undisputed testimony, were worth $52 per head, whereas cows ''with calves at side'' brought from $75 to $80 per head; dry cows and two year old heifers were worth $62 per head. What defendants proposed to do was to substitute less valuable steers for more valuable cows. In other words, for the 50 head of cows and calves which defendants contracted to deliver, they tendered for delivery only 36 head of cows. In the class of cattle less valuable, for the 40 head of yearling steers contracted to be delivered, defendants

tendered to plaintiff 54 head of steers. This was not a substantial compliance with the contract. Defendants contracted to sell an approximate number of certain kinds of cattle as listed under the various classifications. It was not permissible for them to deliver a much smaller number of one class of cattle and supply that deficiency by a much greater number of another class of cattle less valuable. If we adopt the construction placed upon this contract by defendants, it was, indeed, a vain and idle thing to have made any provision whatever for classification of cattle. The word "approximately" as used in the contract means "about"; "very nearly, but not absolutely": New Standard Dictionary; *Oliver* v. *Hutchinson*, 41 Or. 443 (69 Pac. 139). The difference, under some classifications, between what they contracted to deliver and what they tendered for delivery was so great that the trial court was justified in saying as a matter of law that there was a breach of contract on the part of the defendants and that plaintiff was not obliged to accept the cattle tendered. The only issue which should have been submitted to the jury was the question of damages. Plaintiff was entitled to recover the amount paid on execution of the contract and in addition thereto a sum representing the difference between the contract price and the market value of the cattle at the time and place of delivery.

Counsel for defendants rely strongly upon *Stanfield* v. *Arnwine*, 102 Or. 289 (202 Pac. 559), and kindred cases found collated in note 23 A. L. R. 574. In the Arnwine case there was a provision in the contract for the sale of lambs as follows: "About 3800 head of mixed lambs * * being all of my 1918 crop * * ." This court held that the number of lambs which the buyer agreed to purchase was determined

by the actual crop and not by the number specifically stated as such was merely an estimate. We see no analogy between that case and this one. Here the parties unquestionably took into consideration the value or quality of the cattle under the various classifications while in the other case the lambs were of substantially the same value and there was no need for classification. As stated in *Brawley* v. *United States*, 96 U. S. 168 (24 L. Ed. 622), and quoted with approval in *Stanfield* v. *Arnwine, supra:*

"But when no such independent circumstances are referred to, and the engagement is to furnish goods of a certain quality or character to a certain amount, the quantity specified is material, and governs the contract. The addition of the qualifying words 'about,' 'more or less,' and the like, in such cases, is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure, or weight."

■ On the authority of *Timmins* v. *Hale*, 122 Or. 24 (256 Pac. 770), the trial court was clearly justified in granting a new trial. In the case cited Mr. Justice RAND reviewed the decisions of this court on the question of granting a new trial and we see no need of restating the law. Other assignments of error not discussed in the brief of appellants are deemed to have been waived. Under the revised rules of this court assignments of error have no place in the abstract of record. Those assignments on which reliance is had for reversal should be set out in the brief.

The order of the lower court in directing a new trial in this case is affirmed. AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.