[Crim. No. 1658. In Bank.—December 20, 1911.]

# In the Matter of the Application of STANLEY S. LA DUE, for a Writ of Habeas Corpus.

JUSTICE'S COURT — ARREST IN CIVIL ACTION—FRAUD—AFFIDAVIT.—An order of arrest in a civil action may be issued by a justice of the peace in the manner and upon the conditions prescribed in sections 861 to 865 of the Code of Civil Procedure, "when the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action was brought." The party applying for the order must prove to the satisfaction of the justice, upon his own affidavit or that of another person, the facts necessary to authorize the order, and there must be on file a complaint showing that the plaintiff has a cause of action against the defendant upon the debt or obligation in the contracting or incurring of which the fraud was committed.

ID.—COMPLAINT—CONVERSION OF MONEY OBTAINED IN FIDUCIARY CAPACITY.—A complaint which alleges that on a day certain a person named paid into the hands of the defendant a sum of money, the property of the plaintiff; that defendant received it in a fiduciary capacity and did not deliver it to plaintiff, but, without plaintiff's consent, wrongfully converted it to his own use, and, upon demand, fails and refuses to deliver the same, or any part thereof, to the plaintiff, is sufficient as a statement of a cause of action to recover money under the liberal rules applicable to pleadings in a justice's court.

ID.—AFFIDAVIT FOR ARREST—SHOWING OF FRAUD—HABEAS CORPUS—ORDER FOR ARREST.—An affidavit of the plaintiff for the order of arrest, stating positively that the defendant received the money as trustee of plaintiff; that his specific duty as trustee was to deliver it to the plaintiff; that instead of doing so he converted it to his own use, and, upon demand, had refused to make delivery to plaintiff, is a sufficient showing of fraud to warrant the making of the order; and it will be presumed from the making of the order, on *habeas corpus* proceedings to be discharged from the arrest, that the facts stated in the affidavit were proved to the satisfaction of the justice.

ID.—POSITIVE STATEMENTS IN AFFIDAVIT—EVIDENCE BEFORE JUSTICE'S COURT—REVIEW OF EVIDENCE ON HABEAS CORPUS.—On such *habeas corpus* proceedings the court cannot disregard the positive statements contained in the affidavit and assume, from the nature of the facts therein stated, that the plaintiff could not have had personal knowledge thereof and could only have made them on information and belief. Such statements, under oath, were evidence which the justice had power to consider, weigh, and accept as proof of the facts

stated, and another court cannot, in *habeas corpus*, revise the determination of the justice's court as to the credibility and weight of such evidence.

ID.—REVIEW ON HABEAS CORPUS—JURISDICTION.—*Habeas corpus* proceedings cannot be made to serve the office of a demurrer or appeal. If jurisdiction is shown, the inquiry into the cause of the custody ceases and the petitioner must be remanded to abide the orders of the court in which the jurisdiction reposes.

ID.—ALLEGATION THAT DEBT WAS DUE.—The statements in such complaint and affidavit, that the money was due on demand, and of the demand and refusal to pay, legally imply that the money sued for was then due, and are sufficient as an allegation of that fact.

ID.—CONFLICT OF EVIDENCE.—Upon *habeas corpus* proceedings instituted to test the validity of such order of arrest, conflicting evidence produced in the justice's court having jurisdiction of the cause cannot be reviewed.

APPLICATION for a Writ of Habeas Corpus directed to the Sheriff of Los Angeles County.

The facts are stated in the opinion of the court.

T. E. De la Matyr, and Hugh J. Crawford, for Petitioner.

F. E. Davis, and Paul W. Schenck, for Respondent.

SHAW, J.—The petitioner, being in the custody of the sheriff of Los Angeles County upon two orders of arrest made by the justice's court of said county in civil actions pending in said court, obtained from this court a writ of *habeas corpus* to inquire into the validity of said orders. He claims that the justice's court was without jurisdiction to make said orders.

An order of arrest in a civil action may be issued by a justice of the peace in the manner and upon the conditions prescribed in sections 861 to 865 of the Code of Civil Procedure. It may issue "when the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action was brought." (Sec. 861, subd. 3.) The party applying for the order must prove to the satisfaction of the justice, upon his own affidavit or that of another person, the facts necessary to authorize the order. (Sec. 862.) There must, of course, be on file a complaint showing that plaintiff has a cause of action against the defendant upon the debt or obli-

gation in the contracting or incurring of which the fraud was committed. The two actions here involved being in all respects alike, a statement of one will be sufficient.

In the first case, the complaint alleged that on November 10, 1910, one Allen paid into the hands of the defendant $175, in money, which was the property of the plaintiff and that defendant received it in a fiduciary capacity; that defendant did not deliver it to plaintiff, but, without plaintiff's consent, wrongfully converted it to his own use and, upon demand, fails and refuses to deliver the same, or any part thereof, to the plaintiff. In support of the application for the order of arrest, the plaintiff filed his own affidavit stating that on November 10, 1910, Allen paid into defendant's hands $175, the property of plaintiff, to be turned over to plaintiff; that defendant represented plaintiff in a fiduciary capacity in receiving said money; that defendant without cause or legal right converted the same to his own use, without plaintiff's consent, and that plaintiff had demanded the same of defendant, who thereupon refused to deliver the same.

The complaint may not be as full and specific as might be necessary to make a good pleading in the superior court, if attacked by a demurrer for uncertainty. But it is sufficient as a statement of a cause of action to recover money, under the liberal rules applicable to pleadings in a justice's court. The affidavit, which is the foundation of the order, is more specific and certain. It shows that defendant received the money as trustee of plaintiff, that his specific duty as trustee was to deliver it to plaintiff, that instead of doing so he converted it to his own use and, upon demand, had refused to make delivery to plaintiff. Upon these facts he was personally liable to plaintiff for the sum so converted and his conduct in thus violating his trust was fraudulent. This was sufficient to make a case within the terms of the statute, and as the justice thereupon made the order of arrest, we must presume that the facts were proved to his satisfaction. Nothing more is required to confer jurisdiction to make such an order. *Habeas corpus* proceedings cannot be made to serve the office of a demurrer or appeal. If jurisdiction is shown, in cases like the present, the inquiry into the cause of the custody ceases and the petitioner must be remanded to abide the orders of the court in which the jurisdiction reposes. (*Ex parte Williams,*

121 Cal. 330, [53 Pac. 706] ; *Ex parte Ah Men,* 77 Cal. 201, [11 Am. St. Rep. 263, 19 Pac. 380].)

There is nothing in the record which supports the petitioner's claim that the facts stated in the affidavit are made on information and belief, and, therefore, as he claims, not sufficient as a basis for the order. The statements are in positive language which imports the affiant's personal knowledge of the facts stated. Petitioner argues that these facts are of such a nature that the plaintiff could not have had personal knowledge thereof and, hence, that this court must declare them to be made on information and belief notwithstanding the positive language used in the affidavit. Whether or not any court would be justified in thus disregarding positive averments as to facts of this character is a question we need not consider. At all events it is beyond the power of this court in this case to do such a thing. It would be a usurpation by this court of the powers and functions of the court to which the evidence was addressed. It cannot be said that the facts stated could not have been within the personal knowledge of the plaintiff. It is clearly possible that he may have been present at the time the money was delivered so that he could hear and see what took place. The positive statement under oath was evidence which the justice had power to consider, weigh, and accept as proof of the facts stated. (Code Civ. Proc., secs. 1844, 1845, 2002.) Another court cannot, in *habeas corpus,* revise the determination of the justice's court as to the credibility and weight of such evidence. The justice was acting within his jurisdiction in accepting it as sufficient and his order made thereon is not void.

It is further insisted that the complaint and affidavit does not show that the money sued for was then due. It is not so alleged in terms, but the facts stated show that the money was due on demand. The demand and refusal are also set forth. From this the legal conclusion follows that it was then due. Legal conclusions need not be, and should not be, averred either in pleadings or affidavits. There were opposing affidavits contradicting the essential facts above stated. No authority is necessary for the proposition that we cannot consider conflicting evidence upon *habeas corpus* proceedings instituted to test the validity of an order made upon such evidence, produced in another court having jurisdiction of the

cause.    Whatever may be the facts upon the merits of the case, they are beyond the reach of any inquiry which we can make in this proceeding.

The petitioner is remanded to the custody of the sheriff of Los Angeles County.

Sloss, J., Henshaw, J., and Angellotti, J., concurred.