Argued January 15; affirmed August 1; rehearing denied
September 27, 1932

# SHAIN *v*. MEIER & FRANK CO. ET AL.

(13 P. (2d) 360)

*R. C. Bradshaw,* of Portland (Joseph, Haney & Veatch, of Portland, on the brief), for appellants.

*Marvin K. Holland,* of Portland (Robert Shepherd, of Portland, on the brief), for respondent.

BROWN, J.  Section 2-801, Oregon Code 1930, defines a new trial as "a re-examination of an issue of fact in the same court after judgment." Among the grounds for a new trial is "error in law occurring at the trial, and excepted to by the party making the application": Oregon Code 1930, § 2-802, subd. 7.

1. In reviewing the action of the trial court in granting a new trial, it must be remembered that "all intendments favor an order made by the judge who presided at the trial, granting a new trial": Bancroft's Code Practice and Remedies, § 6177.

With reference to the construction of statutes in application for a new trial, 46 C. J., p. 61, § 6, says:

"It has been held that the statutory provisions relating to new trials are remedial and equitable in nature, and are to be liberally construed."

Concerning the same subject, the authors of R. C. L. say:

"An application for a new trial is addressed to the sound, legal discretion of the trial court, and should be granted only when the substantial rights of the accused have been so violated as to make it reasonably clear that a fair trial was not had. * * * And in very intricate and doubtful cases, notwithstanding the finding of a jury, the court will, in the exercise of its

extraordinary discretion, order a new trial in some cases, for the better attainment of justice." 20 R. C. L., "New Trial," § 12, p. 227.

In her motion for a new trial the plaintiff assigned error of the trial court, in part, as follows:

"In instructing the jury that they could not allow punitive damages in an amount greater than the general damages.

\*      \*      \*      \*      \*

"In giving each of the following instructions requested by defendant:

"II. I instruct you that a private person may arrest another without a warrant, when a felony has been committed and such private person has reasonable cause for believing the person arrested to have committed it.

"III. An act done under lawful authority, and if done in a proper manner, can never subject the party to an action, whatever consequences may follow.

"IV. If you believe from the evidence that the crime of larceny of a purse had been committed in the store of the defendant Meier & Frank Company on the 31st day of October, 1929, and that the defendants had reasonable cause for believing the plaintiff stole the purse, the defendants acted within their rights in arresting the plaintiff, if you believe that the plaintiff was arrested, and plaintiff cannot recover in this action and your verdict must be for the defendants.

\*      \*      \*      \*      \*

"VII. You are instructed that to constitute an arrest of a person, there must be some actual restraint or detention of such person, and the mere utterance of words indicative of an arrest is not sufficient And in this case if you believe from the evidence that the plaintiff voluntarily went to the office of the defendant Kiernan and remained there without any restraint, then there can be no arrest and the plaintiff cannot recover."

Arrest is defined as "the taking of a person into custody, that he may be held to answer for a crime": Oregon Code 1930, § 13-2101. Section 13-2102 thereof provides for the arrest of another by a peace officer or a private person. Section 13-2105 prescribes the manner for making the arrest. From this section we read:

"An arrest is made by an actual restraint of the person of the defendant, or by his submission to the custody of the officer."

Section 13-2106 provides that the defendant "is not to be subjected to any more restraint than is necessary and proper for his arrest and detention." See *Askay v. Maloney,* 92 Or. 566 (179 P. 899); *State v. Cody,* 116 Or. 509 (241 P. 983); *State v. Duffy et al.,* 135 Or. 290 (295 P. 953). Section 13-2111 provides that a peace officer may arrest without a warrant, "(1) for a crime committed or attempted in his presence; (2) when the person arrested has committed a felony, although not in his presense; (3) when a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

Section 13-2116 provides:

"A private person may arrest another for the causes specified in section 13-2111, in like manner and with like effect as a peace officer without a warrant."

The order granting the motion for a new trial says, among other things:

"The reason for this is that the court erred in giving defendants' requested instructions No. 2, 3, 4 and 7, and that the jury returned a verdict which, under the decisions of the Supreme Court, was a verdict for the defendant (107 Or. 673, 681), from which the court concludes that the giving of the said instructions necessarily infers injury to the rights of the plaintiff."

2. From 7 Bancroft's Code Practice and Remedies, § 6170, we take the following:

"An order granting a new trial is not a final disposition of the case, and for this reason reviewing courts regard such orders with favor, referring them to the discretion which is reposed in trial courts. A clearer case, or much stronger showing, is required to authorize reversal of an order granting a new trial than to reverse an order overruling the motion. * * * And, in fact, reversals of orders according new trials are infrequent, although not beyond the authority of the reviewing court in a proper case * * *.

"According to the weight of authority, an order granting a new trial will not be disturbed on appeal if the record discloses any tenable ground in support thereof, although the ground is not recited in the order, and although the order affirmatively recites a different ground. * * * A reversal is not warranted unless there has been a gross or manifest abuse of discretion by the trial court, a misapplication of law, or a disregard of some legal right of the appellant, or unless the uncontradicted evidence all points to but one rational conclusion of fact, which is the one found by the verdict of the jury. Where, however, the record discloses no statutory ground or sufficient reason for a new trial, the order must be reversed."

In the case of *Metropolitan Life Ins. Co. v. Plunkett* 190 Okla. 148 (234 P. 722), it was held:

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple, and unmixed question of law. Eldred v. Pittsburg County Ry. Co., 93 Okl. 163, 220 P. 351.

"A motion for a new trial is addressed to the sound, legal discretion of the trial court, and, where the trial judge who presided at the trial of the case sustained such motion, every presumption will be indulged that such ruling is correct. K. K. K. Medicine Co. v. Harrington, 83 Okl. 201, 201 P. 496."

For a list of cases sustaining this decision of the Oklahoma court, see the many authorities cited in support of *Eldred v. Pittsburg County Ry. Co.,* 93 Okl. 163 (220 P. 351).

3. It must be borne in mind that the power of the court to grant a new trial is a common-law right, inherent in all the courts of general common-law jurisdiction. See *De Vall v. De Vall,* 60 Or. 493 (118 P. 843, 120 P. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.), 291). Also see *Furgeson v. Jones,* 17 Or. 204 (20 P. 842, 11 Am. St. Rep. 808, 3 L. R. A. 620).

In *Veazie v. Columbia & Nehalem River R. R. Co.,* 111 Or. 1 (224 P. 1094), brought here on appeal from an order allowing a new trial, Mr. Chief Justice McBride, speaking for the court, said:

"While the granting or refusing of a new trial for other reasons than those mentioned in section 3-c, article 7, supra [Or. Const.], is not technically a matter wholly of discretion, yet it is largely so, and we are not disposed to interfere with the discretion that the court exercised  *  *  *  in this case."

See *Spokane County v. Pacific Bridge Co.,* 106 Or. 550 (213 P. 151), and *Goldfoot v. Lofgren,* 135 Or. 533 (296 P. 843).

In the case of *Obermeier v. Mortgage Company Holland-America,* 111 Or. 14 (224 P. 1089), the question of the power of the trial court to grant a motion for a new trial was again before the court, and in that case Mr. Justice Bean, delivering the opinion for the court, said:

"From a reading of the entire record, we are led to believe that the matter of the admission of testimony of Sarah Roe was not the sole reason for allowing a new trial. Under all the facts in the case, we are unable

to say that the record of the trial was free from error, or that the trial court erred in granting a new trial. The trial court has inherent power to grant a new trial, and whenever the court timely discovers that error has been committed to the prejudice of a party, it may correct the error by setting aside the judgment and granting a new trial, either upon its own motion or upon motion by a party and upon grounds not specified in the motion: De Vall v. De Vall, 60 Or. 493, 500, 501, 118 P. 843, 120 P. 13, Ann. Cas. 1914A, 409, 40 L. R. A. (N. S.), 291; Rudolph v. P. R. L. & P. Co., 72 Or. 560, 569, 144 P. 93; Smith Typewriter Co. v. McGeorge, 72 Or. 523, 143 P. 905; Frederick & Nelson v. Bard, 74 Or. 457, 461, 145 P. 669; Archambeau v. Edmunson, 87 Or. 476, 487, 171 P. 186. It is not necessary for the court to specify in the order granting a new trial the grounds or reasons for the same. Cathcart v. Marshfield, 89 Or. 401, 405, 174 P. 138.''

See, also, *Timmins v. Hale,* 122 Or. 24, 256 P. 770, and the authorities therein cited.

■-■ That the instruction that the jury could not allow punitive damages in an amount greater than the amount of general damages constitutes error there is no doubt. See *Gill v. Selling,* 125 Or. 587 (267 P. 812, 58 A. L. R. 1556), and the recent case of *Pelton v. General Motors Acceptance Corporation,* 139 Or. 198 (7 P. (2d) 263). We believe, however, that the special instructions relating to the law of arrest, requested by the defendants and given by the court, were applicable according to the defendants' theory of the case.

■ There is no merit in the contention of defendants that the order continuing the hearing on motion for a new trial from one term of court to the next regular term was error. See *Rosumny v. Marks,* 118 Or. 248 (246 P. 723).

Following a consideration of the facts in this cause and the law applicable thereto, we conclude that the able, experienced, and conscientious judge who heard the testimony and observed the witnesses while testifying conceived that he had committed a substantial error in the trial of the cause that justified him in granting the plaintiff's motion for a new trial.

The judgment appealed from will be affirmed.

BEAN, C. J., BELT and CAMPBELL, JJ., concur.