Argued May 23; affirmed July 5, 1933

# CICRICH *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(23 P. (2d) 534)

*Miles H. McKey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*Walter T. McGuirk,* of Portland (McGuirk & Schneider and Irvin Goodman, all of Portland, on the brief), for respondent.

BEAN, J. On August 23, 1930, the plaintiff, Matt Cicrich, received an accidental injury in the course of his employment with the Panama Cooperage Company. He made timely application to the State Industrial Accident Commission for compensation; his claim was allowed; final award was made by the commission March 2, 1931. The commission found, as stated in the brief, that he was entitled to be paid three months and eighteen days time loss and a permanent partial disability for loss of function of his body equal to approximately 15% loss of an arm, or sixteen months compensation. No appeal was taken from this award.

On September 4, 1931, plaintiff timely filed an application for additional compensation for aggravation of his injury, since the award on March 2, 1931. The commission denied this application for aggravation on September 25, 1931. After an application for rehearing, which was denied on October 21, 1931, by the commission, plaintiff appealed to the circuit court, alleging, among other things, that the plaintiff, since the application for additional compensation for aggravation, is permanently disabled and will continue for the rest of his natural lifetime to suffer a permanent partial disability and loss of function of his back, spine, muscles, nerves, hips, arms, shoulders, head, neck and body generally, and the conditions arising out of said accidental injury and the injury to his nerves of 75% permanent partial disability and loss of function of an arm, and an additional temporary total disability of five months over and above that temporary total disability hereinbefore awarded to plaintiff; that he has an inability to follow the regular work that he has been accustomed to follow or to do any work since the date of the application herein and for a long period of time previous thereto; that the conditions of his injury have not im-

proved since March 2, 1931, nor since the payment of permanent partial disability and temporary total disability, but on the contrary have grown worse than said injuries were on that date; that he has an inability to sleep at night or use his arms or to work for any extended period and is exceedingly weak.

The answer of the commission admitted six paragraphs of the complaint and notice of appeal, the denial of the petition for rehearing, and denied the other allegations contained in the complaint. The cause was tried before the circuit court and a jury February 23, 1932. A verdict was returned for the State Industrial Accident Commission. After a judgment had been entered thereon, the plaintiff filed a motion for a new trial, assigning the following grounds:

"1. The irregularity in the presenting of the motion to the court for an examination by another physician and presenting and arguing and urging said matter before the jury which caused a prejudice and preventing the party from having a fair trial.

"2. On the further ground and for the further reason of the insufficiency of the evidence to justify the verdict of the jury, and that said jury was against law.

"3. Said defendant urging matters which had been determined in the prior ruling of said commission, which matter had become res adjudicata and which tended to confuse the jury and to cause them to consider matters that had previously been determined.

"4. Errors at law occurring at the trial and excepted to by the plaintiff.

"The introduction of testimony of conditions antedating the application for additional compensation for aggravation.

"Admission of immaterial testimony having to do with the original condition and things that had been terminated by reason of the failure to appeal from the original order and which were permitted to be considered by the jury on the aggravation and urged by

the defendant, and the consideration of things by the jury that have been established by the prior findings of the commission to the damage of the plaintiff herein, also the total absence of any contradictory evidence to plaintiff's physical condition and the evidence introduced in support thereof''.

Plaintiff did not file any affidavits in support of his motion. On April 25, the court granted a new trial. From this order the State Industrial Accident Commission appealed. Defendant assigns error of the court in granting a new trial.

It is not our purpose to consider or comment upon the merits of the case. We refer to the testimony only in so far as we think it has a bearing upon the motion for a new trial.

Upon the trial Dr. Harvey J. Clements, an eminent physician and surgeon connected with the medical staff of the State Industrial Accident Commission, testified, as a witness for defendant, in part to the effect that on September 18, 1931, he examined and X-rayed the plaintiff. This was about six months after the final award. The plaintiff was sent by the office of the commission to Dr. Clements for a general examination as to his present condition and he described the condition in which he found the plaintiff as follows: That the X-ray showed no evidence of fracture or dislocation of the bones of the back; that there was some congenital abnormality, at least developed abnormalties; the fifth lumbar vertebra is ankylosed to the sacrum; that is, set down very low in the pelvis, and doubtless has made more or less of a stiff back; that there were also some irregularities on the bodies of the lumbar vertebrae and a number of the irregularities on the transverse processes, ''the conditions we speak of as arthritic, osteo-arthritic—chronic rheumatism, in other words.'' and that appellant was very profuse in his complaints.

Dr. Murray M. Levy, a skilled physician and surgeon of fifteen years' practice, testified as a witness for defendant. Dr. Levy had special training and experience in diseases of the nerves and was connected with the University of Oregon Medical School at that time. He had known defendant for about seventeen years and treated him for minor ailments. He was the attending physician in this case and testified that the plaintiff complained of the accident, that he was treated for pain on the left side low down at the level of the fourth and fifth lumbar and the size of that soreness was about five centimeters, and he was treated for several weeks with physio-therapy by the ordinary methods, and heat treatments, and did not seem to be getting any better. He made a complete neurological examination of him, which he detailed and "there was nothing that could be found from an organic standpoint". An X-ray picture was taken of him also. He reported plaintiff's injury to the State Industrial Accident Commission as follows: "Lower last rib torn cartilege. Injury also to muscles over this area. Date of first treatment Aug. 25, 1930".

Dr. Charles R. McClure, a physician and surgeon of thirty years' practice, specializing in orthopedic surgery, a witness for defendant, saw plaintiff first on October 4, 1930, and at one other time. He made an examination of the plaintiff and prescribed treatment and made a report to the commission. He testified that plaintiff exhibited nothing "that we could visualize as denoting that there was an injury present of any kind" and gave other details. In regard to his inability to raise his arm, he stated: "There is no basis for that. That is about as far-fetched a supposition as a person could draw on their imagination".

Dr. L. H. Holland and Dr. A. O. Schmitt testified as witnesses for plaintiff. At the commencement of the trial counsel for defendant stated that he made a request some six weeks before for an examination of the plaintiff. It appears that Dr. Rockey had made an examination for the State Industrial Accident Commission, although he was not a member of the medical staff, but at the time of the trial he was absent in California and not available as a witness. Counsel for defendant stated that "the plaintiff has refused to submit to such an examination" and asked the court for an order directing this plaintiff to submit to a physical examination at the hands of an orthopedic specialist to be selected by the court, and made quite an extended argument in favor of the request. Counsel for plaintiff stated, in effect, that they had never at any time opposed a legitimate examination of the plaintiff; that there had been many examinations made; that the commission, while they have a man under their care and custody, have him examined by any physician whom they see fit; that by letter of October 7, 1931, plaintiff was directed to report to Dr. Rockey for a special examination, which he did; that plaintiff's position was that there had been ample examination made on both sides to submit any evidence; that the effort would tend to embarrass the plaintiff in the case, and that there was no necessity for any further examination. The court, in the exercise of its discretion, denied the motion.

Defendant submits that "circuit courts have authority, in litigation involving alleged physical disabilities or personal injuries, to require the plaintiff to submit to a physical examination by a competent physician who is to testify as a witness at the trial", and

cites a wealth of authorities, together with an able extended argument to the effect that the trial court has such authority.

As we view the case that question is not now before this court. It is rather a question of whether the court should have exercised its discretion in ordering a third or fourth examination. The brief calls attention to the case of *Union Pacific Railway Co. v. Botsford*, 141 U. S. 250 (11 S. Ct. 1000, 35 L. Ed. 734), as a leading case supporting the minority rule that trial courts do not have power to order a physical examination of the plaintiff, as follows:

"If he unreasonably refuses to show his injuries, when asked to do so, that fact may be considered by the jury, as bearing on his good faith, as in any other case of a party declining to produce the best evidence in his power".

Evidently the trial court was of the opinion that, after the plaintiff had submitted to examinations for a long time, there was no unreasonable refusal at that time, and that the argument and request of counsel for the commission was prejudicial to plaintiff's case.

It is contended by the defendant that the motion for a new trial was not sufficient upon which the court could grant the same, as the matter had been continued until after the close of the term. We are unable to accede to this contention. The court had the record before it and was familiar with all the facts and circumstances of the trial. As shown by a brief statement of the testimony there was testimony introduced on the part of defendant tending to show that plaintiff sustained but slight injury, if any, for which he was given a final award by the commission, and as we understand the court was of the opinion that the admission of such testimony was an error.

■ It is no infringement on the province of the jury for a trial court, in the exercise of its legal discretion, if it believes that on account of an error of law or for any cogent reason a party has not had a fair and impartial trial, to grant a new trial and again submit the issues of fact to a jury. The constitution, as amended in 1910, was never intended to prevent this.

■ The law relating to granting a new trial by a trial court is quite well mapped out in this state. Such an order is not a finality. It does not end the case. Courts regard an order granting a new trial as in the sound discretion of the trial court. It requires a clearer case or much stronger showing to authorize a reversal of the order granting a new trial than it does to reverse an order overruling a motion therefor, although such an order is reviewable in a proper case. The preponderance of authority is that such an order will not be disturbed by an appellate court if the record discloses any tenable ground in support thereof, although such ground may not be recited in the order or although the order affirmatively recites a different ground. To warrant a reversal it should appear that there has been a gross or manifest abuse in the exercise of discretion by the trial court, a misapplication of law or a disregard of some legal right of the party or unless the uncontradicted evidence all points to but one rational conclusion of fact which is found by the verdict of the jury. If the record discloses no statutory ground or sufficient reason for a new trial the order should be reversed. *Shain v. Meier & Frank Co.*, 140 Or. 518 (13 P. (2d) 360, 361); *Goldfoot v. Lofgren,* 135 Or. 533 (296 P. 843); *Obermeier v. Mortgage Co. Holland-America,* 111 Or. 14 (224 P. 1089); *Spokane County v.*

*Pacific Bridge Co.,* 106 Or. 550 (213 P. 151) ; *DeVall v. DeVall,* 60 Or. 493 (118 P. 843, 120 P. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A, 409).

■ An appellate court, in reviewing an order granting a new trial, will consider all intendments in favor of the order made by the trial judge. 20 R. C. L. 227, § 12. It is stated in 46 C. J. 61, § 6, thus: "It has been held that the statutory provisions relating to new trials are remedial and equitable in nature, and are to be liberally construed". In 20 R. C. L. 227, § 12, it is stated, in substance, that an application for a new trial is addressed to the extraordinary discretion of the trial court and should be granted only when the substantial rights of the party have been so violated as to make it reasonably clear that a fair trial was not had.

■ It is not absolutely necessary that there be a ruling by the trial court, and an exception reserved thereto, to authorize such court to set aside the judgment and grant a new trial, but the trial court may grant a new trial in case of mistake preventing proper presentation of the cause where no exception was taken. *Timmins v. Hale,* 122 Or. 24 (256 P. 770) ; *Rosumny v. Marks,* 118 Or. 255, 259 (246 P. 723) ; *American Nat. Bank v. Kerley,* 109 Or. 155 (220 P. 116, 32 A. L. R. 262) ; *Bottig v. Polsky,* 101 Or. 530 (201 P. 188).

In *Archambeau v. Edmundson,* 87 Or. 476, 487 (171 P. 186), it is declared that

"The rule thus established ought in our opinion to be enlarged so that when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered

upon a verdict and the granting of a new trial, when such action of the lower court does not violate Article VII, Section 3 of the Constitution of Oregon respecting the *quantum* of evidence''.

■ From the record before us we are unable to say that the trial court abused its discretion in granting a new trial. We fail to see that it was necessary for the court to hear testimony in regard to all the questions pertaining to the original award which had not been appealed from. The plaintiff would not be expected to be able to meet such evidence. It may be that some testimony, in order to show the condition the plaintiff was in, or explain the findings by the commission, would necessarily be introduced as to the prior physical condition of the claimant, but to introduce and consider testimony which in its final analysis appeared to impeach the final award, would extend the investigation of prior matters to such an extent, perhaps, that the jury's attention would not be clearly drawn to the question of aggravation. The final award shows for what the same was made. The condition of plaintiff at that time, plus the aggravation, if any, since then, would seem to be a matter for the jury to pass upon or, in short, they should find whether there had been an aggravation of plaintiff's condition since the final award. *Fromme v. Lang & Co.*, 131 Or. 501 (281 P. 120); *DeArmond v. Fenwick*, 127 Or. 509, 513 (272 P. 893); *Degidio v. State Industrial Accident Commission*, 105 Or. 642 (207 P. 176); *Iwanicki v. State Industrial Accident Commission*, 104 Or. 650 (205 P. 990, 29 A. L. R. 682); *Grant v. State Industrial Accident Commission*, 102 Or. 26 (201 P. 438).

■ In *Iwanicki v. State Industrial Accident Commission*, supra, it was held, in effect, that it was not

contemplated by the statute that a new trial should be granted and the case reopened before the commission on the old application; neither is it the rule that a modification or change with respect to former findings or orders is purely discretionary and beyond the right of appeal. The reason for this is found in section 49-1843, Oregon Code 1930. That section gives the commission the power to hear and determine all questions within its jurisdiction, but all alike are subject to appeal to the circuit court. Jurisdiction necessarily implies the right to decide finally a question properly presented, subject, of course, to the right of appeal. But when the right of appeal is lost by lapse of time, the very essence of the term "jurisdiction" means that the decision by virtue of it has become fixed and is not appealable. See also *Grunnett v. State Industrial Accident Commission,* 108 Or. 184 (215 P. 881); *Benson v. State Industrial Accident Commission,* 108 Or. 565 (215 P. 878); *Chebot v. State Industrial Accident Commission,* 106 Or. 660 (212 P. 792).

In *Graves v. State Industrial Accident Commission,* 112 Or. 143, 146 (223 P. 248), the court said:

"As determined in Chebot v. State Industrial Accident Commission, 106 Or. 660 (212 Pac. 792), the proceeding for additional compensation depends upon whether or not an original application had been filed within three months after the date on which the injury occurred upon which an allowance had been made. Nevertheless, it is a proceeding with a distinction and individuality all its own from a decision in which an independent appeal may be taken to the circuit court of the county in which the claimant resides. The selection of the appellate tribunal in this new and distinct proceeding, supplemental though it may be, in a sense, to the original, is controlled by the place in which the claimant resides at the time he appeals".

Whether every court, under the circumstances of this case, would exercise its legal discretion in the same manner that the trial court did in the present case is not for us to determine.

Defendant contends that the motion for a new trial was not sufficient to warrant action of the court. The motion seems to cover the whole ground, and we think the action of the trial court was based upon the motion.

Finding no abuse in the exercise of such discretion herein, the judgment of the trial court granting a new trial is affirmed.

ROSSMAN, CAMPBELL, and BAILEY, JJ., concur.