Argued October 6; affirmed October 24, 1933

# KARBERG *v.* LEAHY

(26 P. (2d) 56)

*Frank S. Senn,* of Portland (Senn & Recken, of Portland, on the brief), for appellant.

*Leland B. Shaw,* of Portland (Robert F. Maguire, of Portland, on the brief), for respondent.

CAMPBELL, J. This is an appeal from an order of the circuit court for Multnomah county granting a new trial.

On may 29, 1929, at about 11:30 a. m., plaintiff was operating her automobile in an easterly direction on Foster Road in the city of Portland. When she reached the intersection of Foster Road and East 72nd street, she attempted to make a left turn from Foster Road into East 72nd street. Before she completed the turn, her car was violently struck by the car of defendant who was driving westerly on Foster Road. Plaintiff sustained injuries by reason of said collision. In this action she seeks to recover compensation for said injuries. She alleges that defendant was negligent in that he operated his car at a dangerous and excessive rate of speed; that he did not have it under proper control; that he did not keep a proper look-out; that he failed to turn his car to the left and by so doing avoid the accident; that these acts of negligence were the proximate cause of her injuries.

Defendant denied the allegations of negligence and alleged contributory negligence on the part of plaintiff in that she made a left turn without giving a signal or warning of her intention to do so; that she neglected to pass to the right of the center of said intersection be-

fore making her turn; that she did not have her car under control so as to give defendant the right of way; that plaintiff failed to keep a proper lookout; that she was operating her car at an excessive rate of speed considering the fact that she was making a left turn.

The cause was tried to a jury which returned a verdict in favor of defendant.

Thereafter plaintiff filed a motion for a new trial which was granted. From such order granting a new trial, defendant appeals.

Plaintiff, in her motion, assigned the following grounds for a new trial:

"1. Irregularity in the proceedings of the court, jury, and adverse party, by which the plaintiff was prevented from having a fair trial.

2. Misconduct of the jury.

3. Excessive damages appearing to have been given under the influence of passion and prejudice.

4. Insufficiency of the evidence to justify the verdict, and that the verdict is contrary to the law.

5. Error in law which occurred at the trial, and was excepted to by plaintiff.

6. Errors committed by the Court in the trial of said cause which prevented the plaintiff from having a full, fair and impartial trial, and errors in law occurring in said trial which through inadvertence prevented the plaintiff from having her cause properly presented to the judge and jury."

■ Appellant urges that because the motion for a new trial was merely in the words of the statute, without a statement attached to show in what respect the court was in error, it is insufficient to raise any question in the case.

. The statute, in this respect provides:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and no cause of new

trial not so stated, shall be considered or regarded by the court. When the motion is made for a cause mentioned in subdivisions 1, 2, 3, or 4 of section 2-802, it shall be upon affidavit, setting forth the facts upon which such motion is based." Oregon Code 1930, § 2-805.

■ Section 2-802, Id., specifies the grounds upon which a new trial may be had.

There was no affidavit filed in support of said motion so we may disregard paragraphs 1 and 2 thereof.

"The trial court has inherent power to grant a new trial and whenever the court timely discovers that error has been committed to the prejudice of a party it may correct the error by setting aside the judgment and granting a new trial, either upon its own motion or upon motion by a party and upon grounds not specified in the motion." (Citing many cases.) Obermeier v. Mortgage Company Holland-America, 111 Or. 14 (224 P. 1089).

■ This court is not concerned with the reasons assigned by the trial court for its action, if, as a matter of fact, there is any good reason in the record for the conclusion reached. The better practice is to point out in the motion how the damages are excessive, or wherein the evidence is insufficient, or what was the error of law. In the instant case, it does not appear that either court or counsel was misled by failure to set out the facts in particularity.

■ ■ Respondent, in his brief, points out that the trial court erred in its conduct towards counsel for plaintiff during the latter's argument to the jury by interrupting him and contradicting him in his statements to and in the presence of the jury.

Nowhere in the record of the cause does it appear that such an incident occurred. In the absence of such

record, respondent's contention will not be considered by this court.

 █ Respondent points out that the court erred in instructing the jury as follows:

"It was the duty of the plaintiff, Mrs. Karberg, to keep a proper look-out for automobiles *both in front of and behind her* when she undertook to make this turn. * * *"

And again when the court further instructed the jury that:

"* * * you are expected to give a signal with such certainty and continue for such a length of time as to give reasonable notice to people *both in front of you and back of you.* * * * you must give a signal * * * for such a length of time as to afford, as I say here, reasonable warning to the other people, *both coming and following.*" (Italics ours.)

The law governing the giving of such signals, applying to this case, is contained in Chap. 217, § 1, subd. 9 (a), General Laws of Oregon, 1927, as follows:

"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety and * * * whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section plainly visible to the driver of such other vehicle of the intention to make such movement."

Under the above instructions, the jury could find that even if respondent had signalled so as to apprise appellant of her intention to turn, if it was not visible to a car in the rear of respondent's car, she might still be guilty of contributory negligence.

Such was not the intention of the statute. The statute provides that the signal must be given in the

manner prescribed by Chap. 217, supra, so as to apprise any other vehicle affected by such movement. Nowhere in the record does it appear that there was any vehicle approaching respondent's car from the rear. The accident under consideration was one in which two cars only were involved. There was no issue except as to the conduct of the drivers of the respective cars and as to how such conduct affected the other. Instructions on abstract questions of law, on matters not in issue, have a tendency to mislead the jury. *Reed v. National Hospital Ass'n*, 106 Or. 471 (212 P. 537); *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362 (204 P. 492), and see cases cited under section 2-308, Oregon Code 1930.

"The law relating to granting a new trial by a trial court is quite well mapped out in this state. Such an order is not a finality. It does not end the case. Courts regard an order granting a new trial as in the sound discretion of the trial court. It requires a clearer case or much stronger showing to authorize a reversal of the order granting a new trial than it does to reverse an order overruling a motion therefor, although such an order is reviewable in a proper case. The preponderance of authority is that such an order will not be disturbed by an appellate court if the record discloses any tenable ground in support thereof, although such ground may not be recited in the order or although the order affirmatively recites a different ground. To warrant a reversal it should appear that there has been a gross or manifest abuse in the exercise of discretion by the trial court, a misapplication of law or a disregard of some legal right of the party or unless the uncontradicted evidence all points to but one rational conclusion of fact which is found by the verdict of the jury. If the record discloses no statutory ground or sufficient reason for a new trial the order should be reversed. Shain v. Meier & Frank Co., 140 Or. 518 (13 P. (2d) 360, 361); Goldfoot v. Lofgren, 135 Or. 533

(296 P. 843); Obermeier v. Mortgage Co. Holland-America, 111 Or. 14 (224 P. 1089); Spokane County v. Pacific Bridge Co., 106 Or. 550 (213 P. 151); De Vall v. DeVall, 60 Or. 493 (118 P. 843, 120 P. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A, 409)." Cicrich v. State Industrial Accident Commission, 143 Or. 627 (23 P. (2d) 534).

The judgment is affirmed.

RAND, C. J., and BAILEY, J., concur.

BEAN, J., did not participate in this opinion.