Argued April 3, affirmed April 25, 1951

CLARK *v.* FAZIO ET AL.
230 P. 2d 553

*Carl D. Etling,* of Portland, argued the cause for appellant. With him on the briefs was Harry H. Daniel, of Portland.

*E. K. Oppenheimer* and *Wayne A. Williamson* argued the cause for respondents. On the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, and Wayne A. Williamson, all of Portland.

Before BRAND, Chief Justice, and HAY, ROSSMAN, WARNER and TOOZE, Justices.

TOOZE, J.

This is an action by Joseph E. Clark, as plaintiff, against Tony Fazio, Antonio Fazio, and Andrew Fazio, individually and as copartners, doing business as the Columbia Gardening Company, and Leo Louis Savio, as defendants, to recover damages for personal injuries sustained as the result of the alleged negligent operation of a motor truck. There was a verdict and judgment for plaintiff in the sum of $15,000. On de-

fendants' motion, the trial court set aside the judgment and granted a new trial. Plaintiff appeals.

The accident occurred about 1:00 p. m. on June 1, 1946, on Northeast 47th avenue, just outside the city limits of the city of Portland. Northeast 47th avenue runs in a general northerly and southerly direction and bounds the Portland Municipal airport on the west. It is a two-lane, macadam highway, with gravel shoulders, and is marked with a yellow stripe along its center line.

Immediately prior to the accident the defendant Savio, as an employee of the other defendants, was operating defendants' motor truck in a northerly direction along Northeast 47th avenue and was approaching the entrance to a private roadway leading from said avenue to the lands of defendants on the west side of said highway. At the same time, plaintiff was operating a Ford coupe automobile in a northerly direction along said highway and approaching said motor truck from the rear. As plaintiff was in the act of overtaking and passing said motor truck, having duly signaled his intention so to do, the truck made a left-hand turn to enter said private roadway; and thereupon, a collision occurred between the two vehicles, as a result of which collision, plaintiff suffered certain personal injuries, for which this action was instituted to recover damages.

For the purposes of this opinion the foregoing is a sufficient statement of the facts of the case.

In instructing the jury the trial court read certain provisions of the statute which, in the court's opinion, were applicable to the issues in the case and then properly instructed the jury that the violation of a statutory rule of the road constituted negligence per se.

■ In this connection the court read to the jury § 115- 334 (b), O.C.L.A., as amended by ch. 428, Oregon Laws, 1941, which reads as follows:

"(b) Approach for a left turn shall be made in the lane for traffic to the right of and nearest to the center line of the highway and the left turn shall be made by passing to the right of such center line where it enters the intersection, and upon leaving the intersection by passing to the right of the center line of the highway then entered; * * *"

Upon conclusion of the instructions to the jury and before the jury retired for deliberations, defendants took the following exception to the giving of the foregoing instruction:

"Next, the defendants save an exception to the Court's instruction as to the method and manner that one is obliged to make a turn at an intersection by passing to the right of the center line of the highway on which the vehicle is proceeding and entering the roadway or highway to the right of the center line of the entering highway, for the reason that the facts in this case clearly show that the statute has no application to the factual situation in the case at bar."

The court, with respect to this exception, stated:

"Now I am inclined to think you are right about this matter of entering an intersection and I will correct that and tell them it has no application. I think where they enter it and where they leave it, it has no application."

Thereupon, the court further instructed the jury as follows:

"Now, Ladies and Gentlemen, the Court in its instructions called your attention to certain statutes, among others the following and I shall read the statute: '*Approach for a left turn shall be made in the lane for traffic to the right of and nearest to the center line of the highway,*' and I went on to

read further from the statute, 'and the left turn shall be made by passing to the right of such center line where it intersects the center line of the highway then entered.' Now, Ladies and Gentlemen, the last part of that statute, to-wit; that part which reads as follows: 'And the left turn shall be made by passing to the right of such center line where it enters the intersection, and upon leaving the intersection by passing to the right of the center line of the highway then entered,' has no application to this case and you will therefore disregard that instruction. *The only portion of such instruction which would or could* have any application would be the first part which the court read." (Italics ours.)

One of the jurors then asked the court to clarify its meaning; whereupon, the court in substance repeated the foregoing and stated with respect to the first part of the statute, after requoting same, as follows: "Now, that portion remains."

As a part of his case, plaintiff had testified that immediately before the accident the truck had slowed down as though to stop and had pulled to the right side of and partly off the paved portion of the highway, that is, *away from the center line of the road.* Also, on cross-examination of Savio, the driver of the truck, plaintiff sought to establish that the truck had traveled diagonally across Northeast 47th avenue toward the entrance of the private roadway, instead of proceeding in the manner required by the statute for making a left turn into an intersecting highway. This testimony made this particular statute, and every part of it, quite important, had it been applicable.

In § 115-301, O.C.L.A., as amended by ch. 428, Oregon Laws, 1941, appear the following definitions:

"(p) 'Street or highway.' The entire width between the boundary lines of every way publicly

maintained when any part thereof is open to the use of the public for purposes of vehicular traffic.

"(q) 'Private road or driveway.' Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons.

"(r) 'Roadway.' That portion of a street or highway improved, designed or ordinarily used for vehicular traffic.

*   *   *   *

"(u) 'Intersection.' The area embraced within the prolongation or connection of the lateral curb lines or, if none, then of the lateral boundary lines of two or more highways which join one another at an angle, whether or not one highway crosses the other."

Inasmuch as the accident in the case at bar occurred at the entrance to a private road, no "intersection" within the meaning of the law was involved, and it was error for the trial court to instruct the jury respecting left turns at "intersections" as prescribed by the statute. It being error for the court to submit to the jury the whole of the statutory provision in question, it also was error to submit any portion thereof. This particular provision dealt exclusively with the subject of left turns at intersections. It is complete in itself and, if applicable at all, is applicable in its entirety; it could not properly be divided up and given piecemeal.

There is no merit in the contention of plaintiff that defendants did not duly except to the giving of the instruction in question, and for that reason, it was improper for the trial court to grant a new trial.

■ The original exception taken, and heretofore noted, was sufficient; but even if it were not, or if no

exception at all had been taken, nevertheless, in the exercise of a sound discretion, the trial court was fully authorized in the interests of justice to grant a new trial for prejudicial error occurring on the trial. *Lyons v. Browning et al.,* 170 Or. 350, 354, 133 P. 2d 599; *Arthur v. Parish,* 150 Or. 582, 47 P. 2d 682; *Trimmins v. Hale,* 122 Or. 24, 256 P. 770.

In *Lyons v. Browning et al.,* supra, Mr. Justice Lusk, speaking for the court, at page 354, said:

"The fact that the matter was not called to the attention of the court during the trial, and that there was no request for an instruction limiting the jury in the assessment of damages to the amount proven, is of no importance, for one of the purposes of the new trial statute is to enable the trial judge to correct errors and to cure miscarriages of justice, notwithstanding the failure of counsel to make a record which would authorize this court to reverse the judgment on appeal."

■ It is well established by the decisions of this court that where error has been committed, a motion for a new trial is addressed to the sound discretion of the trial court and will be reviewed only for a manifest abuse of discretion, and it requires a much clearer case or much stronger showing to authorize a reversal of an order granting a new trial than it does to reverse an order overruling a motion therefor. *Lyons v. Browning et al.,* supra; *Lampa v. Hakola,* 152 Or. 626, 630, 55 P. 2d 13; *Arthur v. Parish,* supra; *Karberg v. Leahy,* 144 Or. 687, 692, 26 P. 2d 56; *Shain v. Meier & Frank Co.,* 140 Or. 518, 13 P. 2d 360; *Timmins v. Hale,* supra; 5 C.J.S., Appeal and Error, 1333, § 1848.

■■ Where a new trial has been ordered by a trial court for error committed, whether on motion of a party

therefor, or on its own motion, this court on appeal from such order will not ordinarily determine whether, in our opinion, the error was prejudicial. We will make such determination only in the presence of exceptional circumstances, as where the error is insignificant or clearly not prejudicial. This is true because we recognize the fact that the trial judge is in much better position to judge whether or not error was prejudicial in the particular case before him than are we, confined as we are to a consideration of a cold, printed record.

However, under the evidence in the case now before us, and particularly that portion thereof to which we have heretofore directed attention, we cannot say that the error committed by the trial court was not prejudicial, nor was it insignificant, and we find no abuse of discretion on the part of the trial court in granting the new trial.

Though unnecessary to a decision in this case, nevertheless, because the questions may arise on another trial, we here notice briefly another alleged error of the trial court assigned by defendants in support of their motion for a new trial.

A few minutes after the accident involved here, certain photographs were taken at the scene thereof. Over the objections of defendants, these photographs were admitted in evidence. Also, over defendants' objections, certain testimony respecting tire marks on the pavement claimed to have been made by defendants' truck was admitted in evidence. The trial court did not err in admitting these photographs and this testimony.

The judgment is affirmed.