Argued December 4, 1957, affirmed February 28, petition
for rehearing denied March 26, 1958

## HAYS *v.* HERMAN
322 P. 2d 119

*Herbert M. Schwab* argued the cause for appellant. On the briefs were Dusenbery, Teiser, Martin, Schwab and Beatty, Portland.

*Bruce Spaulding* argued the cause for respondent. On the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, and James B. O'Hanlon, Portland.

Before LUSK, Presiding, and WARNER and KESTER, Justices.

KESTER, J.

This is an action for damages for personal injuries arising out of an automobile collision. The jury returned a verdict for the defendant, upon which judgment was entered. Plaintiff thereupon filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied the judgment n.o.v., but granted a new trial. In doing so, the trial judge not only acted upon plaintiff's motion, but he also stated that he was granting a new trial upon his own motion, reciting substantially the same grounds as were specified in plaintiff's motion. From the order granting a new trial defendant appeals.

The collision occurred on a rainy Sunday afternoon, October 18, 1953, on the Mt. Hood highway, about one mile west of Cherryville. The location was described as about midway in a level stretch of highway that was straight for about half a mile. The road was paved, with one lane of traffic in each direction, separated by a center stripe. Plaintiff, Peter Hays, was riding in the front seat of a sedan owned by him and driven by his wife, traveling westerly. Defendant, Steve Herman, was driving a delivery truck in an easterly direction, with his wife as a passenger.

Defendant pulled into the westbound lane to pass another car (occupied by the witness Tharp and his wife) proceeding in the same direction. As defendant was completing his pass and returning to the eastbound lane, he lost control of his car, which then slid sideways in an easterly direction, blocking the westbound lane. The front end of the Hays car struck the right side of the Herman car, just as the latter came to rest. It is agreed that the impact was in the westbound (plaintiff's) lane of traffic.

As a result of the collision both vehicles were extensively damaged, and the Herman car caught fire and burned. Mrs. Herman was killed in the accident, and the others were injured, including plaintiff's wife, who had no memory of the accident.

It is agreed by the parties that any negligence on the part of Mrs. Hays, the driver of plaintiff's car, would be imputed to plaintiff.

The reasons assigned by the trial court for granting the new trial were as follows:

"1. Misconduct of the defendant, in that continuously during said trial the defendant did, in the presence of the jury, audibly and visibly make demonstrations of undue emotion by crying and

wiping his eyes with a handkerchief while he was sitting at the counsel table, and also while on the witness stand directly in front of the jury, and said misconduct was deliberate and appeared to be and was for the purpose of eliciting the sympathy of the jury in favor of defendant and against plaintiff, and made it impossible for the jury to conduct an unbiased and fair consideration of the issues involved in this case, and deprived plaintiff of a fair trial.

"2. During the trial of said cause, defendant's counsel stated in the form of a question put to the plaintiff while plaintiff was under cross-examination by defendant's counsel and in the presence of the jury, in effect that plaintiff was engaged in a business which did '$2,000.00 a week business' thus indicating that plaintiff was a man of wealth and not in need of compensation for his injuries suffered in the accident involved in this cause, and said statement was improper and the making thereof was misconduct, depriving plaintiff of a fair and impartial trial.

"3. The Court erroneously submitted to the jury for the jury's determination, specification numbered 3 of defendant's further and separate answer in which specification defendant charged plaintiff with contributory negligence in respect to speed of plaintiff's automobile, in violation of the 'basic rule' as charged in said specification numbered 3, notwithstanding there was no substantial evidence of an unreasonable speed on the part of plaintiff's automobile at any time involved in this case.

"4. The Court erroneously submitted to the jury for the jury's consideration, specification numbered 2 of alleged contributory negligence as set forth in defendant's further and separate answer in which plaintiff, through his wife, Ruth Hays, was charged with 'failing to maintain a proper loookout' [sic] notwithstanding there was no substantial evidence to sustain or upon which to base said charge."

■ It is, of course, well settled that the trial court has considerable latitude in granting a new trial, and all intendments are in favor of such an order. *Cicrich v. S.I.A.C.*, 143 Or 627, 635, 23 P2d 534; *Bartholomew v. Oregonian Pub. Co.*, 188 Or 407, 411, 216 P2d 257; *Clark v. Fazio*, 191 Or 522, 528, 230 P2d 553; *Burrows v. Nash*, 199 Or 114, 121, 259 P2d 107.

■ The opinions of this court have not always differentiated between a new trial granted on motion of a party (ORS 17.610–17.625) and one granted on the court's own motion (ORS 17.630). In the present case the trial court stated that he was doing both, and the order was within the 30-day period for a new trial on the court's own motion, so we need not consider whether the court was limited to the statutory grounds or could draw on its inherent common-law powers (*De Vall v. De Vall*, 60 Or 493, 500, 118 P 843, 120 P 13). If the order was justified on any ground set forth in either the motion or the order, it must be affirmed.

■ With respect to the first ground stated by the court—i.e., defendant's weeping and otherwise displaying emotion during trial—the transcript of testimony shows three separate instances of crying: once while defendant was on the witness stand and twice while he was seated at the counsel table. On one of the latter occasions he was apparently so overcome that his attorney asked for a recess, but instead the court suggested that defendant leave the courtroom, which he did. In the nature of things the court reporter cannot always record displays of emotion, although they may be apparent to the trial judge. Therefore, the trial court's finding that defendant made displays of undue emotion continuously during the trial may be presumed to be based upon his own observations, not limited to what the court reporter noted.

The question of whether a party's weeping, or otherwise displaying emotion during the trial, constitutes misconduct sufficient to warrant the granting of a new trial, is apparently one of first impression in Oregon. Cases dealing with the general subject are collected in Anno. 57 ALR 62. See also 39 Am Jur 107, New Trial § 93; 53 Am Jur 54, Trial § 41; 66 CJS 126-27, New Trial § 35; 88 CJS 139, Trial § 52.

While the parties have cited cases from other jurisdictions, both allowing and denying a mistrial or a new trial for emotional outbursts, each one must necessarily depend upon its own facts. The common pattern running through most, if not all of them, is to sustain the action of the trial court, because of its superior opportunity to determine whether the weeping, or other display, was prejudicial in a given case. That factor has been recognized by this court: e.g., *Clark v. Fazio*, supra, at 191 Or 529.

Since damage cases frequently involve matters of high emotional content to the parties (in this case defendant's wife was killed in the accident), we obviously cannot say that any display of emotion whatever is improper. To so hold might mean that the case could never be tried. But it is equally obvious that an undue emotional outburst may under some circumstances amount to misconduct and may prevent a fair and impartial consideration by the jury. The line between the two cannot be drawn as a matter of law, but it must rest largely in the discretion of the trial court. We cannot say that its discretion was abused in this case.

■ We cannot agree with appellant that before an emotional display can amount to misconduct sufficient to warrant a new trial it must be deliberate or falsely simulated. Certainly misconduct can be more readily

found if the circumstances indicate an intent to obtain unfair advantage. But an outburst which is involuntary or spontaneous can also serve to prejudice the jury. The purpose of the new trial statute is not to punish for improper conduct, but to insure a fair and impartial trial. In any event the court here made a finding that the misconduct was deliberate.

■ Appellant contends that defendant's weeping, as ground for a new trial, was waived by failure of plaintiff to make objection during the trial. It is true that there was no objection nor motion for mistrial, and the trial court was not called upon for a ruling on the matter until the motion for new trial was filed. However, it has been held many times that where prejudicial error has been committed, the trial court may set aside a judgment and grant a new trial, even though there has been no ruling or exception in the lower court that would permit reversal on appeal if the new trial were denied. *Timmins v. Hale*, 122 Or 24, 32, 256 P 770; *Lyons v. Browning*, 170 Or 350, 354, 133 P2d 599. And this is true whether the new trial is granted on motion of a party, as in *Correia v. Bennett & Johnson*, 199 Or 374, 381, 261 P2d 851, or on the court's own motion, as in *Neal v. Haight*, 187 Or 13, 31, 206 P2d 1197.

Appellant seeks to avoid the effect of this rule by contending that it is restricted to cases where a positive error of law has been committed, and that it does not apply to "misconduct" or "irregularity" (ORS 17.610(1) and (2)). That the rule is not necessarily so limited is indicated by *Veazie v. Columbia R.R. Co.*, 111 Or 1, 6, 224 P 1094, where the grant of a new trial for misconduct of a juror was affirmed notwithstanding that there was no objection or motion for mistrial when the misconduct first became known.

Appellant relies principally upon *Fischer v. Howard*, 201 Or 426, 271 P2d 1059, 49 ALR2d 1301, which held that a party waived his right to move for a new trial because of an irregular verdict, by not objecting when the verdict came in. But the strictness of *Fischer v. Howard* was considerably softened in *Stein v. Handy,* 212 Or 255, 319 P2d 935, and *State ex rel. Amore v. Wilkinson,* 212 Or 236, 319 P2d 893. In the Stein case we affirmed the action of the trial court in granting a new trial on his own motion for an irregular verdict, even though no objection was made in the trial court.

If the new trial had been denied, plaintiff's failure to object or move for a mistrial at the time of the emotional display would no doubt have prevented our reversing the judgment on that ground. But the failure to object is of lesser significance when a new trial has been granted. The trial court found as a fact that defendant's conduct deprived plaintiff of a fair trial, and he was not powerless to correct the situation. Needless to say, no re-examination of facts was involved, so as to invoke the prohibition of the Oregon Constitution, Art VII, § 3.

Since the order granting a new trial was justified on the first of the grounds assigned, it is unnecessary to consider the others.

The judgment is affirmed.